### In re MHI PARTNERSHIP, LTD. d/b/a Pioneer Homes and McGuyer Homebuilders, Inc., Relators.

#### No. 01–99–00877–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1999.

Patricia Hair, James D. Salyer, Houston, for other plaintiffs.

Robert H. Singleton, Jr., Houston, for relators.

Karl C. Hoppess, Houston, Michael E. Orsak, Richmond, for real parties in interest.

Panel consists of Justices COHEN, TAFT, and SMITH.*

## OPINION

MURRY B. COHEN, Justice.

Relators, MHI Partnership, Ltd. d/b/a Pioneer Homes ("MHI") and McGuyer Homebuilders, Inc. ("McGuyer"), seek mandamus relief from the trial judge's order deferring a ruling on their motion to compel arbitration until after discovery's completion. We conditionally grant the writ.

### Background

The real parties in interest purchased property and homes in a residential tract

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

of land. They alleged MHI and McGuyer "commenced development" of and advertised this residential tract and that MHI built homes for them. McGuyer is MHI's general partner.

The real parties in interest and other plaintiffs sued MHI and McGuyer, among others, for contract breach, common-law and statutory real estate fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act[1] in connection with the purchase of their land and homes. MHI and McGuyer moved to compel arbitration and stay litigation, submitting affidavits to show the existence of arbitration agreements in the earnest-money contracts between the real parties in interest and MHI. The real parties in interest opposed the motion, arguing (1) no arbitration agreement existed with McGuyer, (2) the arbitration agreements with MHI were unconscionable and fraudulently obtained, and (3) the arbitration agreements did not encompass all claims. They submitted the affidavits of two of their homeowners, asserting facts to support their unconscionability and fraud defenses.

The trial judge ruled as follows:

CAME ON for consideration the Motion to Compel Arbitration and Stay Litigation filed by Defendants, MHI PARTNERSHIP, LTD. d/b/a MCGUYER HOMEBUILDERS, INC. [sic], and the Court, after preliminary consideration of the motion, the response thereto, and the arguments of counsel, but without an evidentiary hearing, finds that the *determination of the motion should be abated and that a ruling should not be made on the motion until after discovery in the case is completed;* it is, therefore

ORDERED that the determination of the Defendants' Motion to Compel Arbitration and Stay Litigation is abated and that *a ruling on such motion shall not be made until after discovery has been completed in this case.*[2]

(Emphasis added.)

## Discussion

### 1. Mandamus or appeal?

Some of the arbitration agreements recited they were subject to the Federal Arbitration Act ("FAA"),[3] while others recited they were subject to the Texas General Arbitration Act ("TAA").[4] The real parties in interest initially argue that interlocutory appeal, not mandamus, is the appropriate mechanism to review the order to the extent it affects the arbitration agreements controlled by the TAA.[5]

Mandamus lies only when there is no adequate remedy by appeal, and an appeal lies only from final orders and those interlocutory orders that statutes make appealable. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). The TAA allows interlocutory appeal only from a judgment or decree "entered under this chapter" or from orders, among others, *denying* an application to compel arbitration or *granting* an application to stay arbitration. Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2000); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.2000) (not listing this order as one for which interlocutory appeal is available). The order here fits none of these categories; it merely

---

1. Tex. Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon 1987 & Supp.2000).

2. Since that order, other homeowners have intervened and sued the same defendants on the same theories. MHI and McGuyer have moved to compel arbitration of those claims, as well, but the record contains no order on that motion, and the matter is not before us.

3. 9 U.S.C. §§ 1–16 (1997).

4. Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.098 (Vernon Supp.2000).

5. The real parties in interest do not contest MHI and McGuyer's claim that mandamus is the proper procedure to the extent the order affects arbitration agreements controlled by the FAA. *See, e.g., Hou–Scape, Inc. v. Lloyd,* 945 S.W.2d 202, 205 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding) ("Mandamus will lie under the FAA.").

defers a ruling on whether to grant the motion. Therefore, no interlocutory appeal lies from it. Moreover, because the order requires complete discovery before a ruling, if MHI and McGuyer's motion is even partially meritorious (a matter we do not decide), they will have been "deprived of the benefits of the arbitration clause ..., and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated." *Cf. Anglin,* 842 S.W.2d at 272–73 (finding no adequate remedy at law when trial judge denied arbitration under FAA). Therefore, mandamus will lie, provided also that the trial judge clearly abused his discretion, a matter we discuss below. *See id.* at 271 ("Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal.").

### 2. To rule or not to rule?

The sole remaining issue is one of first impression in Texas: Did the trial judge clearly abuse his discretion in abating his ruling on the motion to compel arbitration until after discovery was completed?[6] We answer in the affirmative.

Texas procedure controls here, regardless of whether the arbitration agreements invoked the FAA or TAA. *See Anglin,* 842 S.W.2d at 268 ("When Texas courts are called on to decide if disputed claims fall within the scope of an arbitration clause under the [FAA], Texas procedure controls that determination."). MHI and McGuyer moved to compel arbitration, and the real parties in interest contested the agreements' validity. Therefore, the following TAA provision controls:

### § 171.021. Proceeding to compel arbitration

(a) A court *shall* order the parties to arbitrate on application of a party showing:

(1) an agreement to arbitrate; and

(2) the opposing party's refusal to arbitrate.

(b) If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court *shall summarily determine that issue.* The court *shall* order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court *shall* deny the application.

Tex. Civ. Prac. & Rem.Code Ann. § 171.021(a), (b) (Vernon Supp.2000) (emphasis added).[7] Procedure under the

6. We disagree with the real parties in interest to the extent they argue that no review lies from the trial judge's order because it is, in effect, no ruling at all. The trial judge ruled not to rule; this *is* a ruling. However, we agree with the real parties in interest that we may not consider the merits of the arbitration motion, which both parties discuss to some extent, *e.g.,* whether the agreements were unconscionable, the affidavits submitted by the real parties in interest sufficed to controvert the arbitration agreements' validity, MHI and McGuyer waived any right to demand arbitration by participating in discovery, the claims against McGuyer fall under the arbitration agreements, etc. The trial judge has yet to rule on the merits because his order expressly delayed such a ruling. Therefore, the merits of the arbitration motion and any contest to it are not ripe for our consideration. *Hou-Scape, Inc.,* 945 S.W.2d at 204; *see also Waddell v. Huckabee,* 807 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) ("This court cannot act as the arbiter of

discovery when no reviewable order [on contested discovery issues] has issued from the trial court."). We further decline to consider the equitable arguments raised by the real parties in interest to support the trial judge's order, *e.g.,* the order reflects a concern to avoid a multiplicity of suits, is a response to MHI and McGuyer's participating in discovery before requesting arbitration, etc: these matters, to the extent they are properly considered, go to the merits of the motion to compel arbitration.

7. TAA section 171.023, which allows a party to seek a stay of arbitration that is commenced or threatened when no arbitration agreement exists (and which section no one invoked here), parallels section 171.021: "If there is a substantial bona fide dispute as to whether an agreement to arbitrate exists, the court *shall try the issue promptly and summarily.*" Tex. Civ. Prac. & Rem.Code Ann. § 171.023(b) (Vernon Supp.2000) (emphasis added).

FAA, although not controlling here, is similar:

> The court *shall* hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court *shall proceed summarily to the trial thereof.* ...

9 U.S.C. § 4 (1997) (emphasis added).

The Texas Supreme Court has emphasized the summary nature of section 171.021's procedure:

> Under the [TAA], when a party contests the applicability of an arbitration provision in an agreement, the court is instructed to proceed summarily to determine the issue.... Summary disposition of contested issues is the exception under our rules of civil procedure. Ordinarily, contested issues are decided after a plenary hearing, that is, a hearing at which witnesses present sworn testimony in person or by deposition rather than by affidavit....
>
> \* \* \*
>
> *Because the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily,* we think it unlikely that the legislature intended the issue to be resolved following a full evidentiary hearing in all cases.... With these considerations in mind, we hold that the trial court may summarily decide whether to compel ar-

bitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts.

*Anglin,* 842 S.W.2d at 268–69 (citations omitted and emphasis added).[8]

▆▆▆ Relying on the fact that arbitration's benefits lie in speedy dispute resolution, the *Anglin* court construed "summarily" to mean using summary procedure; at the same time, "summary" and "summarily" also connote acting quickly, without delay. *See Joseph v. City of Austin,* 101 S.W.2d 381, 387 (Tex. Civ.App.—Austin 1936, writ ref'd) (context other than arbitration); BLACK'S LAW DICTIONARY 1149 (7th ed.1999). Therefore, once arbitration procedure is started, it should "be speedy and not subject to delay and obstruction in the courts." *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum,* 666 S.W.2d 604, 608 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (discussing FAA); *see also City of Meridian, Mississippi v. Algernon Blair, Inc.,* 721 F.2d 525, 529 (5th Cir.1983) (noting primary reason for arbitration agreement is swift and less costly resolution of disputes); *Merrill Lynch Pierce Fenner & Smith v. Melamed,* 425 So.2d 127, 128 (Fla.App.1982, pet.denied) ("Speedy resolution of disputes is the *raison d'être* of arbitration. Once parties agree to arbitrate, it is essential that they have an easy and quick means to enforce their agreement to arbitrate."). Indeed, "the very purpose of arbitration is to avoid the time and ex-

---

**8.** *Accord, e.g., Vireo, P.L.L.C. v. Cates,* 953 S.W.2d 489, 491 (Tex.App.—Austin 1997, pet. denied); *see also Pepe Int'l Devel. Co. v. Pub Brewing Co.,* 915 S.W.2d 925, 929 (Tex.App.— Houston [1st Dist.] 1996, orig. proceeding and appeal, no writ) (trial judge must order arbitration unless agreement's existence denied and judge *summarily* finds for party opposing arbitration); *Prudential Sec., Inc. v.*

*Banales,* 860 S.W.2d 594, 597 (Tex.App.— Corpus Christi 1993, orig. proceeding) (if arbitration proponent's evidence is uncontroverted, judge must make *summary determination* to send matter to arbitration); *Allstate Painting & Constr. Co. v. Lexington Ins. Co.,* 188 F.3d 307, 311 (5th Cir.1999) (judge must proceed *summarily* to determine contested arbitration dispute under TAA).

pense of a trial. . . ." *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998).

■ Here, MHI and McGuyer moved to compel arbitration, and the real parties in interest contested the agreements' validity and scope. Each supplied affidavits in support. Yet, the trial judge expressly deferred any ruling on MHI and McGuyer's motion until after discovery's completion. Delaying a decision on the merits of arbitrability until *after* discovery substantially defeats the policy behind section 171.021's abbreviated procedure, and it violates section 171.021's mandate to decide the issues summarily. We agree with MHI and McGuyer that, "[i]n effect, the trial court is forcing [them] to litigate before the court will rule on the motion to compel arbitration and stay litigation." Accordingly, we hold the trial judge had no discretion to defer his ruling until after discovery had been completed in the case.

We conditionally grant the writ of mandamus and direct the trial judge (1) to vacate his order deferring a ruling on MHI and McGuyer's motion to compel arbitration and (2) to rule summarily on that motion or to conduct an evidentiary hearing promptly if he concludes one is required to determine disputed facts, not on the merits of the underlying claims, but only on those facts relevant to the issues permitted to be heard by section 171.021(b). We are confident the trial judge will comply with this order. Therefore, we need not issue the writ at this time.