Opinion issued April 8, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00343-CV

____________


IN RE UNIVERSAL COMPUTER SYSTEMS, INC., UNIVERSAL COMPUTER
CONSULTING, LTD., UNIVERSAL COMPUTER SERVICES, INC., AND
DEALER COMPUTER SERVICES, INC., Relators







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 On April 3, 2002, relators and plaintiffs below, Universal Computer Systems,
Inc., Universal Computer Consulting, Ltd., Universal Computer Services, Inc., and
Dealer Computer Services, Inc., filed a petition for writ of mandamus complaining
that Judge McCorkle (1) signed an order denying in part their motion to compel
arbitration. The March 4, 2002 order in question read, in pertinent part as follows:

Plaintiffs' Motion to Compel Arbitration is granted in part and denied
in part. All parties and all claims alleged in this case shall be referred
to arbitration for the resolution of such claims. However, the Court's
order referring this matter to arbitration will be entered by the Court
only after (1) Defendants have an opportunity to seek clarification of the
December 10, 2001 Order denying Defendants' Second Motion to
dismiss for Discovery Abuse from the Special Master and the January
8, 2002 Order denying SMT's Motion to Compel Discovery, and (2) all
parties have had an opportunity to object to the Special Master's order
and obtain a ruling on such objections by the Court.


 We decline to hold that Judge McCorkle abused his discretion in the following
circumstances presented by this mandamus proceeding:


 The lawsuit was filed on March 4, 1999.
 On December 2, 1999, the trial court signed an agreed order appointed
a special master to review and make recommendations concerning
discovery disputes.

 The first motion concerning arbitration appears to have been filed on
February 11, 2000, when certain defendants below filed a motion to stay
litigation pending arbitration.

 On October 2, 2000, the trial court signed an order, agreed to by all
parties to the litigation, to stay action and compel arbitration.

 On November 6, 2000, the trial court withdrew and set aside the October
2, 2000 agreed order to arbitrate. The November 6 order also stated: "It 
is further ordered that the agreed order to arbitrate will be enforced at a
future date." It does not appear that any review was sought of the
November 6, 2000 order in the appellate court.

 Thereafter, there appears to have been a series of motions to compel
discovery and to dismiss for discovery abuse. There also appears to
have been a stay placed on discovery by relators. That stay was lifted
in an order signed on December 10, 2001. It does not appear that any
review was sought of the rulings on the motions to compel discovery or
to dismiss for discovery abuse in the appellate court.

 About December 12, 2001, relators filed a motion to compel arbitration,
stating that, "the time has come to enforce the agreed order to stay action
and compel arbitration agreed to and signed by the parties." At least one
group of defendants objected, stating that they wanted to seek
clarification of and object to certain other rulings in the December 10,
2001 order. Judge McCorkle's ruling on these matters was the March
4, 2002 order in question.



 Relators base their petition for writ of mandamus in part on this Court's
holding in In re MHI P'ship, 7 S.W.3d 918 (Tex. App.-Houston [1st Dist.] 1999,
orig. proceeding). We find the circumstances in MHI P'ship distinguishable from
those here.

 The motion for emergency stay and the petition for writ of mandamus are
denied.

PER CURIAM

Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.
1. The Honorable Lamar McCorkle, judge of the 133rd District Court of
Harris County, Texas. The underlying lawsuit is Universal Computer Systems, Inc.,
Universal Computer Consulting, Ltd., Universal Computer Services, Inc., and Dealer
Computer Services, Inc. v. Dealer Solutions, L.L.C. and Dealer Solutions Holdings,
Inc., trial court cause no. 99-11466.