Opinion issued September 12, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00219-CV

____________


UNIVERSAL COMPUTER SYSTEMS, INC., UNIVERSAL COMPUTER
CONSULTING, LTD., UNIVERSAL COMPUTER SERVICES, INC., AND
DEALER COMPUTER SERVICES, INC., Appellants


V.


DEALER SOLUTIONS, L.L.C., DEALER SOLUTIONS HOLDINGS, INC., ADP,
INC., BUSINESS SOLUTIONS, INC., SMC INVESTMENT, INC., SOUTHWEST
TOYOTA, INC., AND SMC LUXURY CARS, INC., Appellees






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 99-11466






O P I N I O N

 This is an accelerated appeal from an order signed on March 4, 2002. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a) (Vernon Supp. 2002); Tex. R. App. P.
28.1. Appellants timely filed their notice of appeal on March 5, 2002. 

 On April 11, 2002, appellees Dealer Solutions, L.L.C., Dealer Solutions
Holdings, Inc., and ADP, Inc. filed "Appellees' Motion to Dismiss" for lack of
jurisdiction. On April 23, 2002, appellees SMC Investment, Inc., Southwest Toyota,
Inc., and SMC Luxury Cars, Inc. filed "Sterling McCall Appellees' Motion to
Dismiss" for lack of jurisdiction. The motions to dismiss are granted as follows.

 Interlocutory orders, such as the one in question here, may only be appealed if
permitted by statute. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex.
1992); Smith Barney Shearson, Inc. v. Finstad, 888 S.W.2d 111, 113 (Tex.
App.--Houston [1st Dist.] 1994, no writ). Section 171.098(a) of the Texas Civil
Practice and Remedies Code provides that a party may appeal a judgment or decree
entered under this chapter or an order (1) denying an application to compel arbitration
made under section 171.021, (2) granting an application to stay arbitration made
under section 171.023, (3) confirming or denying confirmation of an award, (4)
modifying or correcting an award, or (5) vacating an award without directing a
rehearing.

 The trial court's March 4, 2002 order being appealed does not fall into any of
these categories. The order appealed from, in pertinent part, reads as follows:

Plaintiffs' [appellants'] Motion to Compel Arbitration is granted in part
and denied in part. All parties and all claims alleged in this case shall
be referred to arbitration for the resolution of such claims. However, the
Court's order referring this matter to arbitration will be entered by the
Court only after (1) Defendants [appellees] have an opportunity to seek
clarification of the December 10, 2001 Order denying Defendants'
Second Motion to dismiss for Discovery Abuse from the Special Master
and the January 8, 2002 order denying SMT's Motion to Compel
Discovery, and (2) all parties have had an opportunity to object to the
Special Master's order and obtain a ruling on such objections by the
Court.


 The trial court's order is closely analogous to the order under consideration in
In re MHI Partnership, Ltd., 7 S.W.3d 918, 920-21 (Tex. App.--Houston [1st Dist.
1999, orig. proceeding). There, the Court held that an order deferring a ruling on a
motion to compel arbitration until discovery was completed fit none of the categories
of section 171.098(a), and therefore no interlocutory appeal would lie.

 Appellants argue that the trial court's order is a denial of its motion to compel
and thus appealable under section 171.098(a)(1) because it contains the words
"denied in part." We disagree this constitutes a denial within the meaning of section
171.098(a)(1). Upon reading the trial court's order as a whole, it is readily apparent
the court was not denying the motion to compel arbitration, but merely delaying the
granting of it until certain conditions had occurred. See In re MHI Partnership, Ltd.,
7 S.W.3d at 920-21.

 Appellants further argue the trial court's order was a grant of a stay of
arbitration and thus appealable under section 171.098(a)(2). We disagree. The
record shows no party had applied to stay arbitration proceedings under section
171.023. Section 171.023 authorizes a trial court to stay an arbitration commenced
or threatened on application and a showing that there is not an agreement to arbitrate. 
Here, no party showed or even argued there is not an agreement to arbitrate. 
Moreover, there was as yet no arbitration commenced or threatened which could be
stayed, and a review of the language of the trial court's order does not reveal any
intent by the trial court to stay or enjoin any party from participating in arbitration.

 Appellants further argue the trial court's order was a grant of a temporary
injunction and thus appealable under section 51.014(a)(4) of the Texas Civil Practice
and Remedies Code because it was a stay of arbitration. We disagree for the same
reasons we do not agree the trial court's order was a grant of a stay.

 This appeal is dismissed for want of jurisdiction. All pending motions not
granted herein are denied.

PER CURIAM


Panel consists of Justices Taft, Radack, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.