Opinion issued June 12, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00735-CV




WILLIAMS INDUSTRIES, INC., Appellant

V.

FRY’S ELECTRONICS, INC., Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 02-27082




MEMORANDUM OPINION

          Appellant, Williams Industries, Inc., brings this accelerated, interlocutory
appeal to challenge a temporary injunction entered in response to the application of
appellee, Fry’s Electronics, Inc. Fry’s relied on section 24.008(a)(3)(A) of the Texas
version of the Uniform Fraudulent Transfer Act (UFTA) in seeking injunctive relief
and premised the merits of its claims against Williams on allegations that Williams
committed transfers prohibited as fraudulent under UFTA. See Tex. Bus. & Com.
Code Ann. 24.008(a)(3)(A) (Vernon 2002) (authorizing injunctive relief); id. §
24.005(a)(1)-(2) (Vernon 2002) (defining transfers fraudulent as to present and future
creditors). 
          The temporary injunction required Williams to deposit all of its assets,
including its accounts receivable and tangible and intangible real and personal
property, into an escrow account. In addition, the injunction prohibited Williams
from releasing any escrowed assets except to pay debts incurred in the ordinary
course of its business, including payments to subcontractors, and required Williams
to apply for payments in writing to an appointed escrow agent and to provide a copy
of all applications for payment to Fry’s. The injunction also set a trial date of April
14, 2003, but “in no event before the issuance of an award” in an arbitration
proceeding that had already begun between Fry’s and Williams. Williams contends
that the trial court should have compelled Fry’s to arbitrate its fraudulent transfer
claim in the arbitration proceeding and also contends that Fry’s did not sustain its
burden of proof in seeking the temporary injunction. We affirm. 
 

Did the Trial Court Refuse to Compel Arbitration?
          In its first issue, Williams contends that the trial court erred by implicitly
refusing to refer Fry’s fraudulent transfer claim to the ongoing arbitration proceeding. 
Fry’s responds that Williams did not preserve error. See Tex. R. App. P. 33.1(a)
(requiring the following to preserve error: request, objection, or motion that complies
with governing rules and sufficiently specifies grounds for desired ruling; and express
or implicit ruling by trial court or refusal to rule and objection to refusal to rule). We
agree with Fry’s.
          A right to appeal arises only from a final order or an interlocutory order made
appealable by statute. Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352-53 (Tex.
2001); In re MHI Partnership, Ltd., 7 S.W.3d 918, 920 (Tex. App.—Houston [1st
Dist.] 1999, orig. proceeding). The order challenged here grants injunctive relief,
specifies that trial on the merits will follow, and is, therefore, interlocutory. The
Texas version of the Uniform Arbitration Act (TAA) permits an interlocutory,
accelerated appeal of a decree that (1) was entered under the TAA and (2) either
denies an application to compel arbitration or grants an application to stay arbitration. 
Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), (2) (Vernon Supp. 2002); see
Tex. R. App. P. 28.1 (“An appeal from an interlocutory order, when allowed, will be
accelerated.”).
          Statutes that grant appellate courts jurisdiction to review interlocutory orders
are strictly construed because they create a narrow exception to the general rule that
only final judgments are appealable. Ahmed v. Shimi Ventures, L.P., 99 S.W.3d 682,
688 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see also Bally Total Fitness
Corp., 53 S.W.3d at 352-53 (“A party may not appeal an interlocutory order unless
authorized by statute.”). Accordingly, an order that grants, rather than denies, a
motion to compel arbitration is not appealable under chapter 171 of the Remedies
Code. Mohamed v. Auto Nation USA Corp., 89 S.W.3d 830, 833-34 & n.7 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Similarly, an order that merely defers
ruling on a motion to compel arbitration is not appealable under chapter 171 because
it is not an order that denies a motion to compel. In re MHI Partnership, Ltd., 7
S.W.3d at 920-21. 
          The order Williams challenges here is not appealable under section
171.098(a)(1)-(2) of the Remedies Code because it is neither a “judgment or decree
entered under [chapter 171]” nor “an order . . . denying an application to compel
arbitration . . . [or] granting an application to stay arbitration . . . .” Tex. Civ. Prac.&
Rem. Code Ann. § 171.098(a)(1)-(2). As Williams stated in its notice of appeal, the
purpose of its appeal is to challenge the “appealable order granting temporary
inunction signed . . . on June 26, 2002.” That order specifies that it is a temporary
injunction pursuant to chapter 24 of the Business and Commerce Code. Although the
order acknowledges the ongoing arbitration between Williams and Fry’s, the order
refers to the arbitration only minimally. Paragraph 8 of the order sets a trial date “in
no event before the issuance of an award in the arbitration between Fry’s and
Williams,” and paragraph 10 prohibits disclosing the contents of the court’s June 26,
2002 order in the arbitration.
          William’s answer included a motion to compel arbitration, and Williams
reiterated its motion during the trial court proceedings. The focus of the five hearings
the trial court conducted, however, was on whether the injunction should issue under
UFTA. The last of these hearings reflects extensive discussions among the trial court
and counsel for both Williams and Fry’s concerning the terms of at least six specific
provisions of the injunction challenged here. These discussions show the trial court’s
concerted efforts to obtain input from both parties concerning the content of the order
to be entered, as well as the parties’ agreement to provide that input, and the trial
court’s order reflects that effort. Indeed, the trial court’s order specifies that Williams
does not agree with the court’s extensive fact findings recited in the order. Despite
these ample opportunities for Williams to memorialize a ruling on its motion to
compel arbitration, neither the order Williams challenges nor the remainder of the
record of this interlocutory appeal discloses a decree or a ruling that denies
Williams’s motion to compel or an objection by Williams to a refusal by the trial
court to rule on the motion to compel. See Tex. R. App. P. 33.1(a)(1)-(2).
          Because Williams’s appeal does not involve a failure to compel arbitration, we
lack jurisdiction to consider Williams’s first issue. 
Temporary Injunction under UFTA
          In its second issue, Williams contends that Fry’s did not meet the requisite
evidentiary showing to be entitled to injunctive relief under section 24.008(a)(3)(A)
of UFTA. Our jurisdiction to address this issue is pursuant to section 51.014(4) of the
Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4)
(Vernon Supp. 2002).
A.      Uniform Fraudulent Transfer Act
          The purpose of UFTA is to prevent fraudulent transfers of property by a debtor
who intends to defraud creditors by placing assets beyond their reach. Tel. Equip.
Network, Inc. v. TA/Westchase Place, Ltd., 80 S.W.3d 601, 607 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). UFTA creates a cause of action by which a creditor may
seek recourse for a fraudulent transfer of assets or property. Id.; Blackthorne v.
Bellush, 61 S.W.3d 439, 443 (Tex. App.—San Antonio 2001, no pet.). A transfer of
an asset is fraudulent as to a creditor under UFTA if the debtor made the transfer with
actual intent to hinder, delay, or defraud any of the debtor’s creditors or without
receiving reasonably equivalent value in exchange for the transfer. Tex. Bus. &
Com. Code Ann. § 24.005(a)(1)-(2) (Vernon Supp.2002).
          The remedies available to a creditor under UFTA include the relief the trial
court ordered here, an injunction against further disposition of the asset transferred.
See Tex. Bus. & Com. Code Ann. § 24.008(a)(3)(A) (Vernon 2002). The injunction
remedy is subject to applicable principles of equity and the rules of civil procedure.
Id. 
B.       Equitable Standards for Temporary Injunction
          The only issue before a trial court in a temporary injunction hearing is whether
the applicant is entitled to preserve the status quo pending trial on the merits. Davis
v. Huey, 571 S.W.2d 859, 862 (Tex.1978); Tel. Equip. Network, Inc., 80 S.W.3d at
607. To be entitled to a temporary injunction, an applicant must plead a cause of
action, show a probable right to recover on that cause of action, and show a probable
injury in the interim. Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968); Tel.
Equip. Network, Inc., 80 S.W.3d at 607. An applicant shows a probable right of
success on the merits by presenting evidence that tends to sustain the alleged cause
of action. Id. Probable injury includes elements of imminent harm, irreparable
injury, and lack of an adequate remedy at law for damages. Id.
          Because an appeal of an order granting or denying a temporary injunction is an
appeal from an interlocutory order, the merits of the applicant’s case are not presented
for appellate review. Id. The decision to grant or deny a temporary injunction lies
within the sound discretion of the trial court, and we will not reverse the trial court’s
determination that the applicant established its right to injunctive relief unless the trial
court abused its discretion in reaching that determination. See Walling v. Metcalfe,
863 S.W.2d 56, 58 (Tex. 1993); Tel. Equip. Network, Inc., 80 S.W.3d at 607. We
may not substitute our judgment for that of the trial court and may determine only
whether the court’s action was so arbitrary as to exceed the bounds of reasonable
discretion. Tel. Equip. Network, Inc., 80 S.W.3d at 607.
          Because a trial court has no discretion in deciding what law governs or how to
apply it, we review the trial court’s legal determinations de novo. See Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992). Erroneous application of the law to
undisputed facts will thus constitute an abuse of discretion. Id.; Tel. Equip. Network,
Inc., 80 S.W.3d at 607. We defer to the trial court, however, when, as here, its
discretionary rulings depend on resolution of disputed facts. See Walker, 827 S.W.2d
at 839-40; see also In re Doe 2, 19 S.W.3d 278, 289 (Tex. 2000) (“An appellate court
may not attempt to reconcile disputed factual matters under an abuse of discretion
standard.”). Accordingly, we review conflicting evidence in the light most favorable
to the trial court’s order and draw all legitimate inferences from that evidence in
support of the order. Tel. Equip. Network, Inc., 80 S.W.3d at 607.
C.      The Trial Court’s Reasoning in Granting Fry’s Injunctive Relief
          The order granting injunctive relief recites the trial court’s conclusions that
Fry’s (1) has a probable right of recovery and is likely to succeed on the merits of its
fraudulent-transfer claim, (2) will suffer probable injury, irreparable injury, and
imminent harm unless injunctive relief is granted, and (3) has no adequate remedy at
law. Following these conclusions, the order recites that it is premised on section
24.005(a)(1) of UFTA, which renders fraudulent transfers made with actual intent to
hinder, delay or defraud creditors, here creditors of Williams. See Tex. Bus. & Com.
Code Ann. § 24.005(a)(1); Tel. Equip. Network, Inc., 80 S.W.3d at 607-08.


 The trial
court’s order substantiates Fry’s entitlement to injunctive relief with extensive
findings, which follow:
          1. . . . . Among other credible evidence in the record supporting
claims for injunctive relief, the credible evidence shows that at least
$815,000 of Williams[’s] assets have been transferred to State
Construction with the actual intent to hinder, delay or defraud
creditors of Williams. The credible evidence also shows that Fry’s is
one of Williams[’s] several creditors, that Fry’s claim arose before or
within a reasonable time after Williams[’s] asset transfer occurred,
and that Williams had notice of its creditors’ claims, including Fry’s
claims, both prior to and reasonably soon after Williams[’s] transfer
of assets to State Construction. The credible evidence also suggests
that State Construction is an “insider” with respect to Williams,
because, among other things, Williams and State Construction use the
same employees; they are in the same line of work, they use the same
office space; they have the same CFO, Mr. Don Stephens; they have
overlapping ownership; they have worked on the same jobs and have
overlapping customers; they have used similar marketing efforts;
substantially all of the assets used in the creation of State
Construction were Williams[’s] assets; Williams[’s] CFO created
State Construction while still the CFO of Williams; they have an
extremely close and overlapping financial and, business relationship;
and, the asset transfer transaction between Williams and State
Construction was not at arm’s length.

          2.       The credible evidence also shows that Williams retained
some control over the assets transferred to State Construction because
of the companies’ overlapping ownership and CFO. The credible
evidence also shows that Williams[’s] assets transfer was concealed,
that Williams removed the assets from the company, and that
Williams had been threatened with claims and litigation prior to its
asset transfer. The credible evidence also shows that the assets
transferred constituted substantially all of Williams[’s] hard assets
and that Williams was insolvent or became insolvent shortly after the
transfer was made. The credible evidence also shows that the transfer
occurred shortly after Williams incurred substantial debts, that
Williams is currently insolvent and incapable of paying Fry’s claim,
and that Williams[’s] fraudulent transfers will probably continue
unless injunctive relief is granted. The credible evidence also shows
that Williams intends to make further asset transfers. The credible
evidence also shows that Williams expects to receive and/or obtain
$3,000,000 to $3,600,000 in assets within the next several months.
 
          3.       The credible evidence also shows that unless Williams
is immediately enjoined from dissipating or diverting the assets
involved in this lawsuit, Williams will dissipate or divert such assets
and will alter the status quo and hinder the Court in the granting of
appropriate relief. Unless Williams is immediately enjoined from
dissipating or diverting the assets involved in this lawsuit, Fry’s will
be without an adequate remedy at law, will suffer probable and
irreparable injury, and will suffer imminent harm in that, among other
things, Williams will be judgment-proof and insolvent, will likely
become an “empty shell” company, and the assets that may be
awarded to Fry’s will become difficult, if not impossible, to account
for and recover.
 
          Following these findings, the trial court recites its conclusions that Fry’s has 
statutory right to injunctive relief under UFTA and that “Texas law supports
injunctive relief in [UFTA] actions.”
D.      Williams’s Challenge to Fry’s Right to Injunctive Relief. 
          Williams’s challenges misstate Fry’s burden of proof. Williams disputes the
propriety of injunctive relief by contending that Fry’s (1) did not “establish that Fry’s
is a creditor of Williams; (2) did not “establish an actual intent to defraud a creditor”
by Williams; (3) did not “establish [that] the transfer was made without receiving a
reasonably equivalent value in exchange”; and (4) did not “ establish [that Williams]
was rendered insolvent as a result of the transfer.” (Emphasis added.) 
          Fry’s proper burden in seeking temporary injunctive relief, however, was to
present evidence tending to establish Fry’s its fraudulent-transfer claim. See Davis,
571 S.W.2d at 861; Tel. Equip. Network, Inc., 80 S.W.3d at 607. Consistent with
Fry’s burden, the trial court’s order refers consistently and repeatedly to “credible
evidence” that tended to show a probable right to recovery on the fraudulent-transfer
claim, a likelihood of success on the merits of that claim, and probable injury,
irreparable injury, and imminent harm unless injunctive relief was granted, as well as
the lack of an adequate remedy at law.
          In addition to misstating Fry’s burden and delving into the merits of its claims,
Williams focuses on its own version of facts, which the parties disputed at the
hearings on the temporary injunction, and ignores the standards that we must follow
in reviewing the trial court’s resolution of controverted facts. See Walker, 827
S.W.2d at 839-40; In re Doe 2, 19 S.W.3d at 289. Williams directs us, for example,
to testimony and evidence supporting the theory that Fry’s owed Williams money and
“not the other way around”; that Fry’s claims of fraudulent transfer merely seek to
offset funds that Fry’s owes Williams; that creditors received value in the form of
ownership interests in the newly formed corporation; that Williams intends to buy
back those interests in three to five years; and finally, that Williams’s intent was not
to defraud its creditors, but to pay them. Yet, the trial court’s extensive findings
reflect that it rejected Williams’s version of the facts in favor of Fry’s.
          After affording the required deference to the trial court’s resolution of Fry’s
and Williams’s evidence, we cannot say, and Williams has not demonstrated, based
on the record before us, that the trial court’s resolution was so arbitrary as to exceed
the bounds of reasonable discretion. See Tel. Equip. Network, Inc., 80 S.W.3d
at 607. Accordingly, we overrule Williams’s second issue. 
Conclusion
          We decline to address, for lack of jurisdiction, Williams’s complaint that the
trial court erred by denying Williams’s motion to compel arbitration. We affirm the
judgment of the trial court.
 
                                                             Elsa Alcala
                                                             Justice


Panel consists of Justices Hedges, Jennings, and Alcala.