In re Banc of American

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-272-CV

IN RE RELATORS

BANC OF AMERICA INVESTMENT
 

SERVICES, INC., MICHAEL DEGOLIER,

AND TERRY JOHNSON

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this original proceeding, relators 
Banc of America Investment 
Services, Inc., Michael Degolier, and Terry Johnson
 
complain of the trial court’s failure to rule on their motion to compel arbitration.  We conditionally grant mandamus relief. 

Real party in interest Marie Lancaster (“RPI”) filed the underlying suit against relators on April 19, 2004, 
alleging that relators mishandled her brokerage account.  The parties disagree on the enforceability of arbitration provisions found in three different customer agreements between them, so relators 
filed a motion to compel arbitration on May 21, 2004.  The trial court judge held a hearing on this motion on June 18, 2004, and again on September 3, 2004, but has yet to issue a ruling.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

To merit mandamus relief, relators must show that they have no adequate remedy at law and that the act they seek to compel is purely ministerial, as opposed to discretionary or judicial in nature.  
Eubanks v. Mullin
, 909 S.W.2d 574, 576 (Tex. App.—Fort Worth 1995, orig. proceeding).  
Ruling upon a properly filed, pending motion is a ministerial act.  
In re Bonds
, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); 
see also Eli Lilly & Co. v. Marshall
, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (mandamus conditionally issued to compel trial court to conduct a hearing and render a decision on a discovery motion).  But we do have the power to compel trial courts to rule on pending motions.  
In re Mission Consol. Indep. Sch. Dist.
, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding).

The trial court has no discretion to refuse to hear and rule on a properly filed, pending motion because a refusal to timely rule on a motion frustrates the judicial system and constitutes a denial of due course of law.  
In re Ramirez
, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  This requirement does not interfere with the trial court’s discretion because a trial court has no discretion to refuse to rule.  
See id.
 at 684.  But the trial court retains discretion to determine how to rule, and under no circumstances may we tell the trial court how to rule.  
Womack v. Berry
, 156 Tex. 44, 291 S.W.2d 677, 682 (1956); 
Ramirez
, 994 S.W.2d at 684.  Accordingly, we express no opinion on the merits of relators’ motion to compel arbitration. 

In this case, relators’ motion to compel arbitration has been on file for over five months.  This 
motion deals with the enforceability of arbitration provisions, which the trial court 
is supposed to “summarily determine.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.021(b) (Vernon Supp. 2004-05).  “Summarily” means using summary procedure, but it also connotes “acting quickly, without delay.”  
In re MHI P’ship
, 7 S.W.3d 918, 922 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  If the arbitration agreement is enforceable, it is inappropriate for the case to remain in the trial court.  
See
 
Pepe Int’l. Dev. Co. v. Pub Brewing Co.
, 
915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding)
 (“Once a trial court determines that a valid agreement to arbitrate exists and that the claim raised falls within the scope of that agreement, it has no discretion but to compel arbitration and stay its proceedings pending arbitration.”). 
 

The trial court has held two hearings on the motion but has not issued a ruling.  Meanwhile, the RPI’s health continues to deteriorate, yet the parties cannot move forward with this case until the judge rules as to the appropriate forum—arbitration or litigation in state court.
(footnote: 2)  Under these circumstances, mandamus is appropriate as a means of compelling the trial court to rule on relators’ motion.  
See, e.g.
, 
Eli Lilly & Co.
, 829 S.W.2d at 158; 
In re MHI P’ship
, 7 S.W.3d at 923.
  We hold that the trial court must either deny or grant relators’ motion.

For these reasons, we conditionally grant relators’ petition for writ of mandamus.  Accordingly, the trial court is directed to consider relators’ motion to compel arbitration and expeditiously enter an order on the motion within fifteen days of the date of this opinion.  The writ will issue only if the trial court fails to comply with this opinion. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON AND WALKER, JJ.

DELIVERED
:  October 28, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The trial court has ordered the RPI’s deposition to be taken in the interim.