**DENIED and Opinion Filed September 28, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00927-CV**
_____

**IN RE ENERGY TRANSFER LP, ENERGY TRANSFER MARKETING & TERMINALS, L.P., AND SEANTERRY BURKS, Relators**

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-02975**

## MEMORANDUM OPINION

Before Justices Reichek, Smith, and Kennedy
Opinion by Justice Reichek

Before the Court is relators' September 20, 2023 petition for writ of mandamus. Relators argue that the trial court overtly refused to rule on their pleas in abatement at an August 18, 2023 hearing, and they ask this Court to compel the trial court to rule on their pleas in abatement within seven days.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

A trial court's ruling that it is not going to rule on a pending motion is itself a ruling. *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 921 n.6 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("The trial judge ruled not to rule; this *is* a ruling."). To the extent relators contend the trial court abused its discretion by ruling that it would not rule on relators' pleas in abatement until the case gets closer to trial, based on our review of the petition and record before us, we conclude that relators have not demonstrated that they have raised their arguments in the trial court before seeking mandamus relief. *See In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.) ("[A]rguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus."); *In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.) ("A court cannot grant mandamus relief unless the error was raised in the trial court," and "[a] party seeking mandamus must direct the Court to where the argument was presented to the trial court.").

To the extent relators simply contend their pleas in abatement have been pending for an unreasonable period of time without a ruling from the trial court, we conclude based on our review of the petition and record before that this proceeding is premature. *See In re Noble*, No. 05-23-00322-CV, 2023 WL 2910619, at *1 (Tex. App.—Dallas Apr. 12, 2023, orig. proceeding) (mem. op.); *cf. In re Reiss*, No. 05-

–2–

22-00575-CV, 2022 WL 2236089, at *2 (Tex. App.—Dallas June 21, 2022, orig. proceeding) (mem. op.).

Accordingly, we deny relators' petition for writ of mandamus.

Also before the Court is relators' September 21, 2023 Emergency Motion for Stay and Temporary Relief by Monday, October 2, 2023. We deny relators' emergency motion as moot.

230927f.p05

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE