

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00086-CV

**IN RE AEROHEAD GROUP, INC.**

Original Mandamus Proceeding[1]

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: June 18, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original mandamus proceeding, relator Aerohead Group Inc. ("AGI") complains that the trial court erred by ruling on real party in interest Maverick of Texas Construction's ("Maverick") motion for partial summary judgment before it ruled on AGI's motion to compel arbitration and stay. We conditionally grant mandamus relief.

## BACKGROUND

This case arises from a dispute between a general contractor—Caddell Construction Co. (DE), LLC ("Caddell")—and several subcontractors and their sureties, including AGI, Maverick, and Maverick's performance bond surety Hanover Insurance Company ("Hanover").

---

[1] This proceeding arises out of Cause No. 2022-CI-15211, styled *Maverick of Texas Construction, Inc. vs. Aerohead Group, Inc. vs. The Hanover Insurance Company*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Marisa Flores presiding.

In 2019, Caddell executed two subcontracts, one with AGI and the other with Maverick, to perform specific work on a project. By the terms of their agreements, AGI and Maverick were each required to obtain performance bonds payable to Caddell. In their respective subcontractor contracts, Maverick and AGI agreed that "all claims, disputes and other matters in question arising out of, or relating to, this subcontract, or breach thereof . . . shall be finally decided by binding arbitration[.]" The subcontracts additionally contained the following provision:

> (g) Neither Contractor nor its surety shall be liable to Subcontractor for any damages, loss or expense resulting from acts or omissions (whether or not negligent), failure to perform, delays in performance or defaults of another subcontractor or any materialmen or supplier in connection with the performance of any of the work covered by the General Contract or this Subcontract. Any claim of Subcontractor for such damages, loss or expense shall be made, and any action shall be filed, directly against the other subcontractor or materialmen or supplier, without making the Owner or Contractor, or its surety a party to any action brought upon such claim. Subcontractor agrees that any other such subcontractor, materialmen or supplier shall have a direct right of action against Subcontractor for damages, loss or expense resulting from actions or omissions (whether or not negligent), failure to perform, delays in performance or defaults of Subcontractor.

In November 2020, AGI sent a letter to Hanover, notifying it that AGI would be placing a demand on the performance bond issued by Hanover to Maverick, based on alleged delays that had caused harm to AGI. In July 2022, AGI sent an amended notice. On August 10, 2022, Maverick filed the underlying lawsuit against AGI, seeking a declaratory judgment that there was no privity of contract between Maverick and AGI, or between AGI and Hanover. On September 12, 2022, AGI filed a counterclaim seeking a declaratory judgment that Hanover, as Maverick's surety, was liable to AGI based on the parties' contractual agreements with Caddell and as a third-party beneficiary to Maverick's subcontract with Caddell. AGI additionally asserted a breach of contract claim against Maverick on the same basis.

On August 10, 2022, Maverick moved for partial summary judgment, requesting the trial court rule in its favor on its declaratory judgment action. Maverick requested that the trial court dismiss AGI's counterclaims and render a final judgment with seven specific enumerated findings, which are as follows:

Maverick of Texas Construction, Inc. specifically requests the Court find a final judgment as follows:

1. As there is no evidence of judicial standing and/or contract privity, AGI's counterclaim breach of contract action is dismissed;
2. State and Federal law is [sic] clear that AGI is not entitled to recovery under a performance bond.
3. Texas law is clear that AGI may not rely on attorney's fees as the sole injury under Chapter 38 of the Texas Civil Practice and Remedies Code.
4. As there is no evidence of consideration, there is not a valid existing contract for which AGI can claim a breach of covenant not to sue. As such, AGI's counterclaim breach of contract is dismissed;
5. As there is [sic] no genuine issues of material facts as to whether parties entered into a valid contract under Texas law, AGI's defenses and counterclaims are dismissed; and
6. All demands, claims, counterclaims, and/or causes of action asserted against Maverick by AGI are hereby dismissed with prejudice; and
7. Any further and such relief the court contends Maverick justly entitled to receive.

The trial court held a hearing on Maverick's motion on November 16, 2024. At the conclusion of the hearing, the trial court did not rule from the bench, nor did it sign a written judgment immediately following. Rather, several days after the hearing, the trial court docketed unsigned judge's notes indicating that Maverick's partial motion for summary judgment "per 1.), 2.), a 3.)" was "granted."

Although not documented in the record, it is undisputed that Caddell initiated arbitration proceedings involving Maverick, AGI, and other subcontractors due to disputes arising within the project.

On October 8, 2024, AGI filed its motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA") and the Texas Arbitration Act ("TAA") and moved for a stay. Six days later, on October 14, 2024, Maverick filed a motion to enter an order on its motion for partial summary judgment. Attached to Maverick's motion was a proposed written order drafted based on the trial court's judge's notes.

On December 11, 2024, the trial court held a combined hearing on AGI's motion to compel arbitration and Maverick's motion to enter. Before addressing AGI's motion to compel arbitration, the trial court signed Maverick's proposed order granting Maverick's motion for partial summary judgment. Subsequently, on January 27, 2025, the trial court stayed the underlying case pending the final resolution of the arbitration initiated by Caddell and "passed" on AGI's motion to compel arbitration of its claims against Hanover and Maverick.

AGI filed a petition for writ of mandamus challenging the procedural nature of the trial court's rulings. In response, Maverick[2] asserts the trial court did not err because the trial court rendered judgment on its motion for partial summary judgment before AGI filed its motion to compel arbitration. In the alternative, Maverick raises several arguments attacking the existence and validity of the parties' agreement to arbitrate.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is not available as a matter of right. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). For mandamus relief to be appropriate, a relator must show the trial court committed an abuse of discretion and that there is no adequate remedy by appeal. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotation marks omitted). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

---

[2] Hanover joined in Maverick's response to the petition for writ of mandamus.

**ARBITRATION**

A party seeking to compel arbitration must establish two elements: (1) the existence of a valid arbitration agreement and (2) that the disputed claims fall within the scope of that agreement.[3] *Wagner v. Apache Corp.*, 627 S.W.3d 277, 284 (Tex. 2021); *see also* TEX. CIV. PRAC. & REM. CODE § 171.021. The burden is on the party seeking arbitration to demonstrate the existence of a valid agreement that compels arbitration. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). When, as here, the parties opposing arbitration—Maverick and Hanover—dispute the existence of an agreement to arbitrate, the trial court is obligated to "summarily" determine whether an arbitration agreement exists between the parties. TEX. CIV. PRAC. & REM. CODE § 171.021(b); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 922 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("'[S]ummary' and 'summarily' also connote acting quickly, without delay."); *Caprocq Core Real Estate Fund, LP v. Essa K. Alley Revocable Tr. No. 2*, No. 05-22-01021-CV, 2024 WL 4579064, at *5 (Tex. App.—Dallas Oct. 25, 2024, no pet.) (mem. op.) ("Proceedings to compel arbitration are to be conducted as summary proceedings to protect the advantages of arbitration because 'the main benefits of arbitration lie in expedited and less expensive disposition of a dispute, and the legislature has mandated that a motion to compel arbitration be decided summarily.'") (quoting *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding)); *In re OxyVinyls, LP*, No. 01-23-00708-CV, 2023 WL 8938412, at *4 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, orig. proceeding) (mem. op.) ("Texas trial courts are obligated to consider and resolve motions to compel arbitration 'without delay.'").

---

[3] Because the subcontracts do not reference either the FAA or TAA, both federal and state law apply. *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 778–79 (Tex. 2006) (orig. proceeding).

By its nature, "[a]rbitration is a creature of contract between consenting parties." *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 629 (Tex. 2018). Texas jurisprudence overwhelmingly favors disposing of disputes subject to enforceable arbitration agreements through the arbitration process. *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011) (per curiam); *see also Jody James Farms*, 547 S.W.3d at 629 ("[A]s may be required by principles of contract law and agency, a person who has agreed to arbitrate disputes with one party may be required to arbitrate related disputes with non-parties."); *Cedillo v. Immobiliere Jeuness Establissement*, 476 S.W.3d 557, 564 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("If the relevant parties did not sign the contract in which the arbitration agreement is found, addressing the first [element] includes analysis of whether a non-signatory is bound by or can enforce the arbitration agreement."). For these reasons, parties should reap the benefit of their bargain to resolve disputes through arbitration; therefore, a trial court errs if it rules on the merits of a disputed claim before summarily ruling on a pending motion to compel arbitration. *See Tantrum St., LLC v. Carson*, No. 05-16-01096-CV, 2017 WL 3275901, at *9 (Tex. App.—Dallas July 25, 2017, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE § 171.086 (listing orders that may be rendered before arbitration proceedings begin).

Here, AGI filed its motion to compel arbitration on October 8, 2024. Once filed, the trial court was obligated to summarily determine the motion. *In re MHI P'ship, Ltd.*, 7 S.W.3d at 922; *In re OxyVinyls, LP*, 2023 WL 8938412, at *4. The trial court did not rule on AGI's motion to compel arbitration but rather "passed" on the motion and signed an order on the merits of Maverick's partial motion for summary judgment. Maverick argues, however, that the trial court was not required to rule on AGI's motion to compel arbitration because it had already rendered judgment on Maverick's partial motion for summary judgment by docketing its unsigned

November 16, 2023 judge's notes indicating that Maverick's partial motion for summary judgment "per 1.), 2.), a 3.)" was "granted." We disagree.

"Rendition of judgment requires a present act, either by spoken word or signed memorandum, that decides the issues on which the ruling is made." *See Baker v. Bizzle*, 687 S.W.3d 285, 292 (Tex. 2024). "If the judge's words only indicate an intention to render judgment in the future or *to provide guidelines for drafting a judgment*, the pronouncement cannot be considered a present rendition of judgment." *Id.* (emphasis added). Likewise, judgments must be accessible to the general public. *Id.* at 293–94; *see also Basaldua v. San Antonio Water Sys.*, No. 04-23-00537-CV, 2023 WL 5418814, at *1 n.1 (Tex. App.—San Antonio Aug. 23, 2023, no pet.) (mem. op.) (per curiam) (noting that unsigned judge's notes are for the judge's convenience and do not qualify as an order); *In re S.L.M.*, No. 04-16-00456-CV, 2016 WL 4537664, at *1 (Tex. App.—San Antonio Aug. 31, 2016, no pet.) (mem. op.) (per curiam).

In this case, the trial court did not orally pronounce a ruling during the hearing; instead, the trial court's unsigned judge's notes docketed several days after the hearing indicate that Maverick's partial motion for summary judgment "per 1.), 2.), a 3.)" was "granted." The trial court's December 11, 2024 signed order lists three enumerated findings that provide the trial court's specific rulings on Maverick's partial motion for summary judgment. *See Vetri Ventures, LLC v. Westridge Eagles Nest Owners Ass'n*, No. 05-21-01172-CV, 2024 WL 1130504, at *3 (Tex. App.—Dallas Mar. 15, 2024, no pet.) (mem. op.) (holding record did not support notion that docket entry was the judgment of the trial court where trial court later entered formal written order). The December 11, 2024 order also evidences the trial court did not intend the order to be a mere signing of an earlier rendered judgment, as the order clearly states its judgment is "SO ORDERED this 11th day of December 2024." *See Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 7 (Tex. 2002) ("Ordinarily, when there is a question concerning the date judgment was

rendered, the date the judgment was signed prevails over a conflicting docket sheet entry."). If the trial court intended its December 11, 2024 order to be a mere signing of a judgment rendered on an earlier date, the order would have indicated so.

We hold, under these facts, that the unsigned judge's notes were not a rendition of judgment on Maverick's partial motion for summary judgment. *See id.*; *Baker*, 687 S.W.3d at 292; *Basaldua*, 2023 WL 5418814, at *1 n.1; *In re S.L.M.*, 2016 WL 4537664, at *1. Therefore, the trial court had not rendered judgment on Maverick's motion for partial summary judgment when AGI filed its motion to compel arbitration. Accordingly, the trial court erred in "passing" on AGI's motion to compel arbitration and instead rendering a merits ruling on disputed claims.[4] *Carson*, 2017 WL 3275901, at *9 ("Because Texas law prohibits trial courts from ruling on a case's merits while a motion to compel arbitration is pending, we conclude that the trial court clearly abused its discretion by doing so."). We also hold that AGI is without an adequate appellate remedy until a ruling is made on its motion to compel arbitration. *In re OxyVinyls, LP*, 2023 WL 8938412, at *5.

## CONCLUSION

We hold that the trial court erred by ruling on the merits of a disputed claim before ruling on whether the claim was, or was not, subject to arbitration. We express no opinion on the merits of Maverick's motion for partial summary judgment or on AGI's motion to compel arbitration and stay.

Lori I. Valenzuela, Justice

---

[4] Maverick raises several alternative arguments attacking the validity of an agreement to arbitrate between the parties. We express no view on these arguments as our holding is limited to the procedural nature in which the trial court ruled. Our holding should not be interpreted to express any view on the merits of the trial court's orders.