ACCEPTED
03-14-00782-CV
3623689
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/31/2014 8:47:25 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00782-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/31/2014 8:47:25 AM
JEFFREY D. KYLE
Clerk

SANTANDER CONSUMER USA, INC.
Appellant,

v.

MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC.,
JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC.
REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN,
Appellees.

Appealed from the
353rd Judicial District Court
Travis County, Texas

## BRIEF OF APPELLANT

DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
driherd@dntlaw.com [E-MAIL]
State Bar of Texas # 24038904
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

| Party | Counsel |
|---|---|
| **Santander Consumer USA, Inc.**<br>*Defendant/Cross-Plaintiff/Appellant* | Donald L. Turbyfill<br>dturbyfill@dntlaw.com [E-MAIL<br>Deborah C. S. Riherd<br>driherd@dntlaw.com [E-MAIL]<br>Vicki W. Hart<br>vhart@dntlaw.com [E-MAIL]<br>Devlin, Naylor & Turbyfill, P.L.L.C.<br>4801 Woodway, Suite 420 West<br>Houston, Texas 77056-1805<br>(713) 622-8338 [PHONE]<br>(713) 586-7053 [FACSIMILE]<br>Trial/Appellate Counsel |
| **Mario A. Mata**<br>*Plaintiff/Appellee* | Mario A. Mata<br>Mario A. Mata, P.C.<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 681-4461 [PHONE]<br>(512) 682-2147 [FACSIMILE]<br>Plaintiff, Pro se |
| **Redshift Investigation Inc**.<br>*Defendant/Cross-Defendant/Appellee* | David L. Treat<br>dlt@lstlaw.com [E-MAIL]<br>Lindow Stephens Treat, LLP<br>The Vogue Building<br>600 Navarro Street, Sixth Floor<br>San Antonio, Texas 78205<br>(210) 227-2200 [PHONE]<br>(210) 227-4602 [FACSIMILE]<br>Trial counsel |

**Blake Thornton Vandusen**
*Defendant/Cross-Defendant/Appellee*

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
Trial counsel

**Centroplex Automobile Recovery, Inc.**
*Defendant/Cross-Defendant/Appellee*

**John F. Thompson**
*Defendant/Cross-Defendant/Appellee*

Karen C. Burgess.
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
Trial counsel

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      ISSUE NO. 1:      The trial court erred by denying Santander's Motion
to Compel Arbitration and Stay of Case as to Mata's
claims against all Defendants.. . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Issue no. 1:  The trial court erred by denying Santander's Motion to
Compel Arbitration and Stay of Case as to Mata's claims
against all Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

## INDEX OF AUTHORITIES

**Cases**                                                        **Page**

*Gililland v. Taylor Investments*, No. 11-03-00175-CV, 2004 Tex. App. LEXIS 8521 (Tex. App.–Eastland 2004, pet. denied) (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re D. Wilson Constr. Co.*,
    196 S.W.3d 774 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re FirstMerit Bank, N.A.*,
    52 S.W.3d 749 (Tex. 2001) (orig. proceeding).. . . . . . . . . . . . . . . . . . . . 7, 15

*In re Kellogg Brown & Root, Inc.*,
    166 S.W.3d 732 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*In re McKinney*, 167 S.W.3d 833 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re MHI Partnership*,
    7 S.W.3d 918 (Tex. App.—Houston 1999, orig. proceeding). . . . . . . . . . . . 7

*In re Rubiola*,
    334 S.W.3d 220 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Stanford Group*, 273 S.W.3d 807
    (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). . . . . . . . . . . . . 16

*In re Sun Communications*,
    86 S.W.3d 313 (Tex. App.—Austin 2002, orig. proceeding). . . . . . . 7, 8, 15

*In re Weekley Homes, L.P.*,
    180 S.W.3d 127 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jack B. Anglin Co. v. Tipps*,
    842 S.W.2d 266 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jenkins & Gilchrist v. Riggs*,
    87 S.W.3d 198 (Tex. App.–Dallas 2002, no pet.). . . . . . . . . . . . . . . . . . . 9

*J.M. Davidson, Inc. v. Webster*,
    128 S.W.3d 223 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Keytrade USA, Inc. v. AIN Temouchent M/V*,
    404 F.3d 891 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Kvaerner ASA v. Bank of Tokyo-Mitsubishi, Ltd., New York Branch*,
   210 F.3d 262 (4th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*Mbank El Paso v. Sanchez*,
   836 S.W.2d 151 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McGehee v. Bowman*,
   339 S.W.3d 820 (Tex. App.—Dallas 2011, no. pet.) . . . . . . . . . . . . . . . . 8

*McMillan v. Computer Translation Sys & Support, Inc.*,
   66 S.W.3d 477 (Tex. App.–Dallas 2001, no pet.). . . . . . . . . . . . . . . . . 9, 10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pritzker v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*,
   7 F.3d 1110 (3rd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Prudential Sec., Inc. v. Marshall*,
   909 S.W.2d 896 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rachal v. Reitz*,
   403 S.W.3d 840, 843 (Tex. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*SEB, Inc. v. Campbell*, No. 03-10-00375-CV,
   2011 Tex. App.  LEXIS 1588
   (Tex. App.–Austin 2011, no pet.) (mem. op.). . . . . . . . . . . . . . . . . . 7, 9, 10

## Statutes and Codes

9 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

9 U.S.C. § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9 U.S.C. § 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

Tex. Bus. & Comm. Code § 9.609. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Civ. Prac. & Rem. Code Ann. § 33.015. . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Bus. & Comm. Code 17.555. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Civ. Prac. & Rem. Code Ann. § 171.021. . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF THE CASE

Plaintiff MARIO A. MATA ("Mata") filed suit against Defendants SANTANDER CONSUMER USA, INC. ("Santander"), CENTROPLEX AUTOMOBILE RECOVERY, INC. ("Centroplex"), BLAKE THORNTON VANDUSEN ("Vandusen"), JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC. ("Thompson"), and REDSHIFT INVESTIGATION, INC. ("Redshift") (collectively called, "Defendants") asserting causes of action of breach of contract, common law fraud, trespass, conversion, gross negligence, and violations of the Texas Deceptive Trade Practices Act. All of Mata's claims related to an alleged attempted repossession of a 2003 Chevrolet Suburban pledged by Mata as collateral to secure purchase money debt evidenced by a motor vehicle retail installment contract ("Contract") held by Santander. (CR 3-10.)

Santander asserted cross-claims against Centroplex, Thompson, Vandusen, and Redshift for statutory contribution under Tex. Civ. Prac. & Rem. Code Ann. § 33.015, statutory contribution under Tex. Bus. & Comm. Code 17.555, statutory indemnification under Tex. Bus. & Comm. Code 17.555, and contractual indemnification against Redshift. (CR 47-59.)

Vandusen asserted a counter-claim against Santander for indemnity and/or contribution and asserted cross-claims against Redshift for indemnity and/or contribution. (CR 20-23.)

Redshift asserted cross-claims for contribution, indemnity, and breach of contract against Centroplex. (CR 28-46.)

-1-

Santander filed a Motion to Compel Arbitration and Stay of Case, seeking an order that Mata's claims against all Defendants be submitted to arbitration. (CR 60-96.) The trial court granted the motion as to the claims between Santander and Mata, but denied the motion as to all other claims. (CR 251-255.)

## STATEMENT FOR ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

a. Oral argument would give the Court a more complete understanding of the facts presented in this appeal. *See* Tex. R. App. P. 39.1(c).

b. Oral argument would significantly aid the Court in deciding the case. *See* Tex. R. App. P. 38.1(e), 39.1(d).

## ISSUES PRESENTED FOR REVIEW

Issue No. 1: The trial court erred by denying Santander's Motion to Compel Arbitration and Stay of Case as to Mata's claims against all Defendants.

## STATEMENT OF FACTS

On or about December 1, 2002, BAY CITY INVESTIGATIONS ("Bay City") and DRIVE FINANCIAL SERVICES ("Drive Financial") entered into a Service Agreement ("Service Agreement") whereby Drive Financial secured the services of Bay City to take possession of motor vehicles in which Drive Financial held an interest. (CR 68-70, 81-85.) Bay City is now known as Redshift. (CR 70.) Drive Financial is an assumed name of Santander. (CR 70, 86-94. )

On December 28, 2002 Mata and Capitol Chevrolet, Inc. ("Seller") executed the Contract for the purchase and finance of the vehicle. (CR 68-72.) The Contract provided for terms of payment of the purchase price and granted a purchase money

security interest in the vehicle which was perfected by notation on a Texas certificate of title. (CR 68-74.) Thereafter, the Seller assigned the Contract to Arcadia Financial, Ltd. ("Arcadia"). CitiFinancial Auto is the successor-in-interest to Arcadia. (CR 68-70, 73-74, 91-94.)

In January 2009, Mata entered into an Amendment Agreement with CitiFinancial Auto to modify the terms of the Contract. (CR 68-70, 75-80). Under the terms of the Amendment Agreement, CitiFinancial Auto agreed to reduce the Contract rate of interest from 12.82% per annum to 4.0% per annum; Mata promised to pay $11,448.67, plus interest at the reduced Contract rate of interest in twenty-three (23) monthly installment payments of $518.70, beginning February 23, 2009, with the final installment being due on December 23, 2010. (CR 68-70, 75-80.)

As consideration for CitiFinancial Auto's agreement to modify the terms of the Contract as set forth in the Amendment Agreement and to forbear exercising its remedies after default under the Contract, Mata agreed in the Amendment Agreement that any claims or disputes that Mata may against CitiFinancial Auto, its agents, successors, or assigns that arise out of or relate to the Contract or any relationship with any third parties who did not sign the Contract shall, at Mata's or CitiFinancial Auto's election, be resolved by arbitration. (CR 68-70, 75-80.) All terms and provisions of the Contract remained in full force and effect except those expressly modified by the Amendment Agreement. (CR 68-70, 75-80.)

The Arbitration Provision of the Amendment Agreement states as follows:

Any claim or dispute . . . whether in contract, tort or otherwise (including, without limitation, interpretation and the scope of this provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this contract or note) between [Mata] and [CitiFinancial Auto] or [CitiFinancial Auto's] employees, agents, successors or assigns which arise out of or relate to this contract or note or any resulting transaction or relationship including any such relationship with third parties who do not sign this contract or note shall, at [Mata's] or [CitiFinancial Auto's] election (or the election of any such third party) be resolved by neutral, binding arbitration and not by court action.

. . . This Arbitration Provision is binding upon and inures to the benefit of our respective heirs, successors, and assigns.

(CR 68-70, 77, 80.) The Arbitration Provision further states that "The Federal Arbitration Act governs this Arbitration Provision." (CR 68-70, 77, 80.)

On or about June 1, 2010, Redshift and Centroplex entered into a Collateral Recovery Agreement ("Recovery Agreement"). The Recovery Agreement recites that Redshift contracts with financial institutions to recover secured collateral, and that Centroplex is in the business of recovering personal property and "wishes to establish a relationship with Redshift Investigation in order to receive recovery assignments . . ." (CR 170-182.)

On September 6, 2010, Santander became the servicer of the Contract as modified by the Amendment Agreement, and subsequently became the owner and holder. (CR 68-70.)

Mata alleges that despite Redshift's acknowledgment of Santander's receipt of payment in full Redshift hired Centroplex to repossess the vehicle, on February 23,

2011 Mata suffered physical injuries during the course of a repossession of the vehicle by Centroplex employee Vandusen (CR 6.)

Mata brought suit against Santander for breach of the Contract and against all Defendants for conversion, common law fraud, trespass, gross negligence, violations of the Texas Deceptive Trade Practices Act relating to the alleged attempted repossession. (CR 3-10.) Mata alleges that Redshift is an agent of Santander; that Vandusen is an employee of Centroplex; that Centroplex is the agent of Redshift; and that Thompson is the owner of Centroplex. (CR 3-10.)

Redshift does not deny that it executed the Service Agreement with Santander, and concedes that it entered into the Recovery Agreement with Centroplex. (CR 31, 97.)

Centroplex concedes that it entered into the Recovery Agreement with Redshift to conduct repossessions; and that Centroplex tasked Vandusen to repossess Mata's vehicle. (CR 118-119, 165-182.)

Santander asserted cross-claims against Redshift, Centroplex, Thompson, and Vandusen for indemnification, contribution, and proportionate responsibility (CR 47-59.)

Vandusen asserted a counter-claim against Santander for indemnity and/or contribution and asserted cross-claims against Redshift for indemnity and/or contribution. Redshift asserted cross-claims for contribution, indemnity, and breach of contract against Centroplex. (CR 28-46.)

Santander filed a Motion to Compel and Stay of Case, seeking an order that Mata submit his claims against all Defendants to arbitration, since all of his claims arise out of or relate to the Contract. (CR 60-96.) The trial court granted the motion with regard to the claims between Santander and Mata, but denied the motion as to all other claims. (CR 251-255.)

## ARGUMENT

## Standard of Review

Whether an enforceable agreement to arbitrate exists is a legal question that the appellate court reviews de novo. *Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). In reviewing a trial court's denial of a motion to compel arbitration, the appellate court defers to the trial court's factual determinations that are supported by the evidence but reviews the trial court's legal determinations de novo. *Id.*; *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex. 2003).

> Issue No. 1: The trial court erred by denying Santander's Motion to Compel Arbitration and Stay of Case as to Mata's claims against all Defendants.

The trial court erred in denying Santander's motion to compel arbitration as to Mata's claims against all Defendants because there was a valid agreement to arbitrate, and Mata's claims were within the scope of the Arbitration Clause.

A party seeking to compel arbitration under the Federal Arbitration Act ("FAA") must establish (1) a valid agreement to arbitrate and (2) that the claims raised are within the agreement's scope. 9 U.S.C. §§ 2, 3, 4; *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005).

Texas procedure controls the determination of whether claims fall within the scope of the arbitration clause, regardless of whether the arbitration agreement invokes the FAA or the Texas Arbitration Act ("TAA"). *In re MHI Partnership*, 7 S.W.3d 918, 921 (Tex. App.—Houston 1999, orig. proceeding). The TAA provides that a court shall order the parties to arbitrate upon the application of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate. Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a)(1),(2). If a party opposing an application denies the existence of the agreement, the court shall summarily determine that issue. *Id*. at (b). The trial court may summarily decide whether to compel arbitration on the basis of affidavits pleadings, discovery, and stipulations. *MHI*, 7 S.W.3d at 922 (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268-69 (Tex. 1992)). If the opposing party fails to present such controverting evidence, the trial court has no discretion but to summarily grant the movant's motion to compel arbitration. *MHI,* 7 S.W.3 at 922; *see also, Anglin*, 842 S.W.2d at 270 (the court must accept as true the clear, direct, and positive evidence of an undisputed affidavit, even of a party's agent). Absent fraud, misrepresentation, or deceit, parties are bound by the terms of an arbitration agreement. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005); *SEB, Inc. v. Campbell*, No. 03-10-00375-CV, 2011 Tex. App. LEXIS 1588, *9 (Tex. App.–Austin 2011, no pet.) (mem. op.).

The first question for this Court is whether there exists an agreement for arbitration, which is reviewed de novo. *Rachal*, 403 S.W.3d at 843 (Tex. 2013); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753-54 (Tex. 2001) (orig. proceeding); *In*

*re Sun Communications*, 86 S.W.3d 313, 317 (Tex. App.—Austin 2002, orig. proceeding) (per curiam). Whether an arbitration agreement is binding on a non-party implicates the existence of a valid agreement to arbitrate and is therefore a gateway matter for the trial court to decide. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005); *McGehee v. Bowman*, 339 S.W.3d 820, 826 (Tex. App.—Dallas 2011, no. pet.). The Amendment Agreement contains an Arbitration Provision whereby Mata agrees to arbitrate, at Mata's or Santander's election (as CitiFinancial Auto's successor and assignee) any claim or dispute arising out of the Contract, including any claim or dispute between Mata and any third parties relating to a relationship resulting from the Contract. (CR 68-70, 75-80.) And, neither Mata, Redshift, Centroplex, Thompson, nor Vandusen presented any evidence to controvert the existence of the Arbitration Clause or presented any evidence that the arbitration clause was procured by fraud, misrepresentation, or deceit. (CR 117-152, 153-155, 202-210.) Thus, a valid agreement to arbitrate exists as to Mata's claims relating to the Contract.

While the Arbitration Provision is not signed by Redshift, Centroplex, Thompson, or Vandusen, that is not determinative of whether there exists a valid agreement to arbitrate. *Kellogg*, 166 S.W.3d at 738. There are six recognized theories, arising out of common principles of contract and agency law, that may bind non-signatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel, and (6) third-party beneficiary. *Id.* at 739.

The scope of an arbitration agreement may be extended to claims against agents of the principal when the agents' allegedly wrongful acts relate to their behavior as agents and when those acts are within the scope of the claims covered by the arbitration provisions. *SEB*, 2011 Tex. App. LEXIS 1588, at \*13; *Gililland v. Taylor Investments*, No. 11-03-00175-CV, 2004 Tex. App. LEXIS 8521, \*8-9 (Tex. App.–Eastland 2004, pet. denied) (mem. op.); *McMillan v. Computer Translation Systems & Support, Inc.*, 66 S.W.3d 477, 481 (Tex. App.–Dallas 2001, no pet.).

The term "agent" includes those persons or entities for whom a party would be vicariously liable. *Jenkins & Gilchrist v. Riggs*, 87 S.W.3d 198, 202 (Tex. App.–Dallas 2002, no pet.). A secured creditor is vicariously liable for a breach of the peace committed by its independent contractor during an attempted repossession of collateral. Tex. Bus. & Comm. Code § 9.609(b)(2); *Mbank El Paso v. Sanchez*, 836 S.W.2d 151, 153-54 (Tex. 1992). When a duty is imposed by law on the basis of concerns for public safety, the party with the duty cannot escape that duty by delegating it to an independent contractor. *Mbank,* 836 S.W.2d at 153. Therefore, a secured creditor is vicariously liable for breaches of the peace committed by its independent contractors. *Id.* at 153-54. Mata's petition expressly asserts Santander's liability for the acts or omissions of Redshift, Centroplex and Vandusen under the *Mbank* doctrine. (CR 8.)

In *SEB*, the Campbells purchased a manufactured home from SEB. 2011 Tex. App. LEXIS 1588 at \*1-2. The Campbells executed an Arbitration Agreement as part of their purchase of the home in which they agreed to arbitrate all claims and

disputes arising out of or relating in any way to the sale, purchase or occupancy of the home. *Id*. at *8-9. However, the Arbitration Agreement was signed by Sam Bath, SEB's president, on behalf of "Circle B Homes." *Id*. at *3. The Campbells sued SEB, Bath, Larry Cousins (a salesman for SEB), as well 967—as the seller of real property on which the home was located—and 967's general partner and vice president asserting several causes of action relating to the sale of the home and real property. *Id*. at *2. SEB, Bath, and Cousins (collectively, "Circle B") moved to compel arbitration as to the Campbells' claims against Circle B. *Id*. at *3. The trial court denied the motion. *Id*.

This Court found that the Arbitration Agreement was not only enforceable by SEB, but that the Arbitration Agreement also applied to the Campbells' claims against Bath and Cousins, even though they were not signatories to the agreement. *Id*. at *12-13. The Campbells specifically alleged that their claims against Bath and Cousins arose out of actions taken within the course and scope of their employment with SEB, and the Campbells' claims against Bath and Cousins all arose out of or were related to the Campbells' purchase of the home. *Id*. at 13-14. This Court ruled that "[e]xtending the scope of an arbitration provision to an agent of the party who agreed to arbitration furthers the policy favoring arbitration and the parties' intent to provide a single forum for resolving disputes arising under an agreement. *Id*.; *see McMillan*, 66 S.W.3d at 481 (citing *Pritzker v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 7 F.3d 1110, 1121 (3rd Cir. 1993)).

Mata alleges that Santander is vicariously liable as a matter of law for the actions of Redshift, Centroplex, Thompson, and Vandusen, as "agents" of Santander, in the course of the repossession of Mata's vehicle. Redshift does not deny that acting on behalf of Santander it engaged Centroplex to repossess Mata's vehicle. CENTROPLEX admits that acting on behalf of Redshift, it "tasked" Vandusen who did, in fact, repossess Mata's vehicle - Santander's collateral. Thus, these non-signatories are bound to the Arbitration Provision. And, it would further public policy favoring arbitration for Plaintiff's claims against all Defendants in this case to be resolved in a single forum in an arbitration proceeding. As such, the trial court erred in denying Santander's motion to compel arbitration as to Plaintiff's claims against the other defendants who were non-signatories to the Arbitration Provision.

Furthermore, the other Defendants, as non-signatories to the Contract are bound to arbitration under the theory of incorporation by reference. *See, Kellogg*, 166 S.W.3d at 739; *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891, 896-97 (5th Cir. 2005); *Kvaerner ASA v. Bank of Tokyo-Mitsubishi, Ltd., New York Branch*, 210 F.3d 262, 266-67 (4th Cir. 2000).

In *Keytrade*, Societe Nationale de Transports Maritimes & Compagnie Nationale Algerienne de Navigation Maritime ("CNAN"), the owner of the bulk carrier *Ain Temouchent M/V*, entered into a time charter party with Progress Bulk Carriers, Inc. ("Progress Bulk"), providing the *Ain Temouchent* to Progress Bulk for a period of six to ten months at a cost of $ 6,000 per day. *Id*. at 892. A charter party is a specialized form of contract for the hire of an entire ship, specified by name. *Id*.

at n. 1. A time charter provides for the charterer to obtain the vessel for a fixed period of time; a voyage charter provides for the charterer to obtain the vessel for the length of a voyage. *Id*. The time charter at issue contained an arbitration clause, which stated that "all disputes arising out of this contract . . . shall be referred to arbitration in London." *Id*.

Progress Bulk subsequently entered into a voyage charter with Keytrade A.G. ("KAG"), a Swiss corporation and the parent company of Keytrade USA ("KUSA"), a Chicago-based subsidiary that sells fertilizer to customers in the United States. *Id*. The Progress Bulk/KAG voyage charter contained an arbitration clause that "any dispute arising under this Charter Party [was] to be referred to Arbitration in London." *Id*. The Progress Bulk/KAG voyage charter also provided that a "Congen" bill of lading was to be utilized. *Id*. The Congen bill of lading stated that "all terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated." *Id*. at 893. The Congen bill of lading, however, did not specify which charter party was incorporated—the time charter between CNAN and Progress Bulk, or the voyage charter between Progress Bulk and KAG. *Id*. at 894. Pursuant to the Progress Bulk/KAG voyage charter, cargo was loaded onto the *Ain Temouchent*, KUSA was given a bill of lading for the cargo, and the master of the *Ain Temouchent* signed the bill of lading on behalf of CNAN. *Id*. at 892-93.

The shipment arrived 16 days late, and KUSA filed suit against Progress Bulk and CNAN in personam and the *Ain Temouchent* in rem for breach of the bill of lading. *Id*. at 893. CNAN moved to compel arbitration of KUSA's claims based on the theory that the bill of lading incorporated the arbitration agreement by reference. *Id*. The district court denied the motion. *Id*.

On appeal, the Fifth Circuit held that KUSA, although it was a non-signatory to the arbitration agreement between Progress Bulk and KAG, was required to arbitrate its dispute because the bill of lading incorporated the Progress Bulk/KAG voyage charter and arbitration clause by reference. *Id*. at 896. The Fifth Circuit explained that it has never held that "an agreement to arbitrate may only be found from the four corners of the document." *Id*. at 896. Rather, "there are exceptions to the four corners rule," and thus the "charter's arbitration clause established in [the parties to the bill of lading] a right to compel arbitration. *Id*. at 896-97.

In *Kvaerner*, BCH Energy entered into a Construction Agreement with a general contractor as a joint venture for the purpose of constructing a waste-to-energy plant in Fayetteville, North Carolina. 210 F.2d at 264. The Construction Agreement contained a broad arbitration clause requiring that disputes "arising out of or relating to" the Agreement be submitted to arbitration in North Carolina. *Id*. at 265. A syndicate of banks, including The Bank of Tokyo, provided financing for the project. *Id*. at 264. Kvaerner and Jones executed Guaranty Agreements to "irrevocably and unconditionally guarantee[] the punctual performance of each and every obligation of [the joint venture] under the [Construction] Agreement." *Id*. at 264.

The Guaranties could be enforced against Kvaerner and Jones in the event the joint venture did not perform its duties under the Construction Agreement. *Id*. The Guaranties provided that Kvaerner and Jones "shall have the same rights and remedies of [the joint venture] under the [Construction] Agreement." *Id*. at 265. The Bank of Tokyo signed the Guaranties on behalf of the banks. *Id*. at 264. The Construction Agreement and Guaranty Agreement became in default due to failure of the project to make payment on the banks' financing, and the Bank of Tokyo brought suit against Kvaerner and Jones for breach of the Guaranty Agreements. *Id*.

The Fourth Circuit found that the Bank of Tokyo was bound to arbitrate its claims against Kvaerner and Jones because the Construction Agreement was incorporated into the Guaranties. *Id*. at 265. The Fourth Circuit held that although the Guaranties did not specifically reference arbitration, because the Construction Agreement contained an arbitration clause, the provision of the Guaranties that gave the rights and remedies under the Construction Agreement to Kvaerner and Jones also granted Kvaerner and Jones the right to arbitrate disputes that arose out of or related to the Construction Agreement by incorporation by reference. *Id*. at 265-66.

Here, the Service Agreement between SCUSA and Redshift, and the Recovery Agreement between Redshift and Centroplex are dependent upon and incorporate by reference the retail installment contracts, such as the Contract executed by Mata, that grant a security interest in the collateral and for which Redshift and Centroplex are to provide recovery services for such collateral. The Service Agreement provides that "[SCUSA] hereby engages the services of [Redshift] to perform investigation and

-14-

recovery services for specific accounts receivable, owned by [SCUSA] and placed with [Redshift]. Redshift agrees to undertake collection of all accounts which [SCUSA] decides to place with [Redshift]...." (CR 81-85.) The Recovery Agreement provides that Redshift contracts with financial institutions to recover **secured collateral**, and that Centroplex is in the business of recovering personal property and "wishes to establish a relationship with Redshift Investigation in order to receive recovery assignments...." (CR 170-182) (emphasis added). The Service Agreement and the Recovery Agreement incorporate by reference the underlying retail installment contracts for which recovery services will be provided and are dependent upon secured transactions, such as the Contract. All repossessors derive a benefit from such retail installment contracts that are incorporated by reference into the Service Agreement and the Recovery Agreement by engagement in repossession. As such, the other Defendants, as non-signatories to the Contract, are bound to arbitration under the theory of incorporation by reference.

The second question is whether the arbitration agreement covers the claims before the court. 9 U.S.C. §§ 2, 4; *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006). Any doubt regarding coverage of the dispute is resolved in favor of arbitration because both Texas and federal policies have clearly expressed a preference for arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995); *FirstMerit Bank*, 52 S.W.3d at 753-54; *Sun Communications, Inc.*, 86 S.W.3d at 317.

-15-

"To determine whether a claim falls within the scope of the agreement, courts must `focus on the factual allegations of the complaint, rather than the legal causes of action asserted.'" *In re Rubiola*, 334 S.W.3d 220, 225 (Tex. 2011) (quoting *Prudential*, 909 S.W.2d at 900); *In re Stanford Group*, 273 S.W.3d 807, 813 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("We look at the facts alleged, rather than the legal causes of actions presented, and consider whether the facts touch matters covered by the underlying arbitration agreement." A plain reading of the Arbitration Provision leaves no doubt that Mata is bound to submit his claims asserted in the underlying suit to arbitration. (CR 68-70M 77, 80.) Under the Arbitration Provision, Mata agreed to submit to arbitration his claims or disputes that relate to the Contract, whether in contract, tort or otherwise, including, the interpretation and scope of the Arbitration Provision, and the arbitrability of any issue, and any matters relating to the consummation, servicing, collection, or enforcement of the Contract. (CR 68-70, 77, 80.) All of Mata's claims against all of the defendants in this case arise out of and relate to the servicing, collection, or enforcement of the Contract in the alleged attempt to repossess the vehicle that secured payment of the Contract. Mata specifically alleges an agency relationship between the Defendants in this case.

Thus, Mata's claims asserted against all Defendants are within the Arbitration Provision's scope, and the trial court clearly erred in denying Santander's Motion to Compel Arbitration and stay of case as to Mata's claims against the other Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, SANTANDER CONSUMER USA, INC., fully prays that this Court grant oral argument on this appeal, and thereafter, reverse the trial court's order denying Santander's motion to compel arbitration as to Mata's claims against the other Defendants, enter an order compelling arbitration of all of Mata's claims in the underlying cause of action, and for all other and further relief to which Santander Consumer USA, Inc. may show itself to be justly entitled.

Respectfully submitted,

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.

_____
DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com      [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904
driherd@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Corel WordPerfect X5 and contains 3,821 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

_____
DEBORAH C. S. RIHERD

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument was served upon the following parties either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on December 31, 2014:

Mario A. Mata
Mario A. Mata, PLLC
111 Congress Avenue, Suite 400Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
APPELLEE, pro se

David L. Treat
dlt@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEY FOR APPELLEES
REDSHIFT INVESTIGATION INC.

John S. Kenefick
JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety
JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

Karen C. Burgess
kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEY FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F. THOMPSON

_____
DEBORAH C. S. RIHERD

NO. 03-14-00782-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

SANTANDER CONSUMER USA, INC.
Appellant,
v.
MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC.,
JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC.
REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN,
Appellees.

**APPELLANT'S APPENDIX**

**LIST OF DOCUMENTS**

Necessary Contents:

Order on Defendant Santander Consumer USA, Inc.'s Motion to Compel Arbitration
and Plea in Abatement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB 1

Amendment Agreement (with Arbitration Provision). . . . . . . . . . . . . . . . . . TAB 2

9 U.S.C. § 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB 3

9 U.S.C. § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB 4

9 U.S.C. § 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB 5

Tex. Bus. & Comm. Code § 9.609. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB 6

Tex. Civ. Prac. & Rem. Code Ann. § 171.021. . . . . . . . . . . . . . . . . . . . . . . TAB 7

# TAB 1

No. D-1-GN-13-000677

| | | |
|---|---|---|
| MARIO A. MATA | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | |
| CENTROPLEX AUTOMOBILE RECOVERY, | § | TRAVIS COUNTY, TEXAS |
| INC., BLAKE THORNTON VANDUSEN, | § | |
| JOHN F. THOMPSON d/b/a CENTROPLEX | § | |
| AUTOMOBILE RECOVERY, INC., | § | |
| SANTANDER CONSUMER USA, INC., | § | |
| and REDSHIFT INVESTIGATION INC. | § | 353RD JUDICIAL DISTRICT |

## ORDER ON DEFENDANT SANTANDER CONSUMER USA, INC.'S
## MOTION TO COMPEL ARBITRATION AND PLEA IN ABATEMENT

CAME to be heard on August 6, 2014, the MOTION TO COMPEL ARBITRATION AND STAY OF CASE, filed herein by Defendant SANTANDER CONSUMER USA, INC., Movant and Defendant herein.

After notice and hearing, and upon the review of the motion, any responses and replies submitted thereto, and the evidence presented, the Court finds that the Motion should be granted in part, and denied in part. It is therefore,

ORDERED that the Motion is GRANTED with regard to the claims of Plaintiff MARIO A. MATA ("Plaintiff") against Defendant SANTANDER CONSUMER USA, INC. ("Santander"), only, and that those claims of Plaintiff against Santander must be submitted to arbitration in a manner provided by the arbitration agreement dated January 9, 2009. It is further,

ORDERED that the Motion is DENIED with regard to all other claims, including Plaintiff's claims and Santander's cross-claims, against Defendants CENTROPLEX AUTOMOBILE RECOVERY, INC., BLAKE THORNTON VANDUSEN, JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC., and REDSHIFT INVESTIGATION INC. It is further,

ORDERED that not later than ~~thirty (30)~~ forty-five (45) days from the date of this Order, Plaintiff must initiate arbitration of his claims against Santander with the American Arbitration Association or the National Arbitration Forum. It is further,

ORDERED that Santander shall pay to the American Arbitration Association or the National Arbitration Forum the filing fee required by applicable rules in excess of the filing fee paid by Plaintiff in the above-styled and numbered cause of action; and further, Santander shall pay to the administrator all other administrative costs of the arbitration proceeding. It is further,

ORDERED that if Plaintiff does not initiate arbitration timely pursuant to this Order, Plaintiff's claims against Santander may be dismissed on proper motion and after hearing. It is further,

ORDERED that pending arbitration of the claims brought by Plaintiff against Santander, the entirety of this litigation is hereby STAYED until further order of the Court.

SIGNED: __DECEMBER 2__, 2014.

_____
JUDGE PRESIDING
TIM SULAK

AGREED AS TO FORM ONLY:

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.


DONALD L. TURBYFILL
State Bar of Texas # 20296380
dturbyfill@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037
vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas  77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR DEFENDANT
AND CROSS-PLAINTIFF
SANTANDER CONSUMER USA, INC.

AGREED AS TO FORM ONLY:

LINDOW STEPHENS TREAT LLP


DAVID L. TREAT
State Bar of Texas # 20205300
dlt@lstlaw.com [E-MAIL]
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEYS FOR DEFENDANT,
CROSS-PLAINTIFF, AND
CROSS-DEFENDANT
REDSHIFT INVESTIGATION, INC.

AGREED AS TO FORM ONLY:

MACDONALD DEVIN, P.C.

_____
JOHN S. KENEFICK
State Bar of Texas # 24006294
JKenefick@MacdonaldDevin.com [E-MAIL]
JOHN R. SIGETY
State Bar of Texas # 24083853
JSigety@MacdonaldDevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75279-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR DEFENDANT
AND CROSS-DEFENDANT
BLAKE THORNTON VANDUSEN

AGREED AS TO FORM ONLY:

RICHARDSON + BURGESS LLP

_____
KAREN C. BURGESS
State Bar of Texas # 00796276
kburgess@richardsonburgess.com [E-MAIL]
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEYS FOR DEFENDANTS
AND CROSS-DEFENDANTS
CENTROPLEX AUTOMOBILE
RECOVERY, INC AND
JOHN F. THOMPSON

AGREED AS TO FORM ONLY:

_____
MARIO A. MATA
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
PLAINTIFF, *pro se*

**AGREED AS TO FORM ONLY:**

MACDONALD DEVIN, P.C.

---

JOHN S. KENEFICK
State Bar of Texas # 24006294
JKenefick@MacdonaldDevin.com [E-MAIL]
JOHN R. SIGETY
State Bar of Texas # 24083853
JSigety@MacdonaldDevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75279-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR DEFENDANT
AND CROSS-DEFENDANT
BLAKE THORNTON VANDUSEN

**AGREED AS TO FORM ONLY:**

RICHARDSON + BURGESS LLP

---

KAREN C. BURGESS
State Bar of Texas # 00796276
kburgess@richardsonburgess.com [E-MAIL]
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEYS FOR DEFENDANTS
AND CROSS-DEFENDANTS
CENTROPLEX AUTOMOBILE
RECOVERY, INC AND
JOHN F. THOMPSON

**AGREED AS TO FORM ONLY:**

---

MARIO A. MATA
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 681-4461 [PHONE]
(512) 682-2147 [FACSIMILE]
PLAINTIFF, *pro se*

*TAB 2*

To:        MARIO MATA

Fax Number: 0000030001

Return Fax Number: 8665337801

From: CitiFinancial Auto

Comments: Please review the attached documents and provide the
signature(s) required. After reviewing  and signing, return this
document in its entirety to CitiFinancial Auto for further review,
approval and consideration. Please retain a copy of this agreement
for your records.



DEFENDANT'S
EXHIBIT

tabbies

C

# AMENDMENT AGREEMENT

THIS AMENDMENT AGREEMENT ("Agreement") is made and takes effect as of the 9 th day of January, 2009 , by and between CitiFinancial Auto, Ltd. ("Company" or "We" or "Us"), and MARIO MATA ("Borrower(s)" or "You" or "Your") and amends the installment contract or promissory note and security agreement dated December 28, 2002, and having account number ▬ -9686-▬the "Contract").

Company and Borrower(s) acknowledge that the total amount due and owing under the Contract as of the above date is $11,448.67 (the "Total Amount Due") comprised of:

Unpaid Principal balance or net balance : $11,333.24
"(Less unearned finance charges)"
Unpaid interest                          : $115.43
Unpaid fees (such as late fees, NSF fees) : $.00
Unpaid extension fees                    : $.00

Borrower(s) hereby promise to pay to the order of Company, the Total Amount Due, together with interest on the Unpaid Principal Balance at the rate of 4.000 % per annum from the effective date of this Agreement until maturity, as follows:

In 23 monthly installments of $518.70 beginning February 23, 2009 , and continuing until December 23, 2010, when the final payment will be due.

The final payment will be for any unpaid principal balance and accrued interest not yet paid as of such date together with any other sums (including unpaid extension fees) then payable under the Contract, as modified herein.

Each installment shall be applied to unpaid fees (including unpaid extension fees), accrued but unpaid interest (including unpaid interest), and principal in any order we choose.

It is agreed that all terms and provisions of the original Contract shall remain in full force and effect except as expressly modified herein. Borrower(s) acknowledge and affirm that the security interest previously granted remains valid and subsisting.

THIS AMENDMENT AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH SIGNIFICANTLY AFFECTS YOUR RIGHTS IN ANY CLAIM OR DISPUTE WITH US. PLEASE READ THE ARBITRATION PROVISION ON PAGE 2.

If Company requires the consent to this Agreement by any additional party, Borrower(s) agree to obtain such consent, and this Agreement will not be effective if such consent is not obtained. Borrower(s) agree that this Agreement is void if Company has not received a signed original of this Agreement on or before January 23, 2009.

Borrower(s) acknowledge that this Agreement does not extend the term or coverage provided by any credit insurance purchased at the time of the original Contract.

Company may be required to report the amount of any debt forgiven to the Internal Revenue Services.

THIS ARBITRATION PROVISION SIGNIFICANTLY AFFECTS YOUR RIGHTS IN ANY CLAIM OR DISPUTE WITH US.PLEASE READ THIS ARBITRATION PROVISION CAREFULLY BEFORE YOU SIGN THIS AGREEMENT.
EITHER BORROWER(S) OR COMPANY MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US,EXCEPT AS PROVIDED BELOW, DECIDED BY ARBITRATION. IF ARBITRATION IS CHOSEN,YOU AND WE WILL EACH GIVE UP OUR RIGHT TO A TRIAL BY THE COURT AND/OR A JURY TRIAL.IF ARBITRATION IS CHOSEN,YOU MAY NOT SERVE AS A CLASS REPRESENTATIVE OR PARTICIPATE AS A CLASS MEMBER IN ANY CLASS ACTION AGAINST ANY PARTY ENTITLED TO COMPEL ARBITRATION UNDER THIS PROVISION.

Any claim or dispute, except as provided below, whether in contract,tort or otherwise (including, without limitation, interpretation and the scope of this provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this contract or note) between you and us or our employees, agents, successors or assigns which arise out of or relate to this contract or note or any resulting transaction or relationship including any such relationship with third parties who do not sign this contract or note shall, at your or our election (or the election of any such third party) be resolved by neutral, binding arbitration and not by court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action, and you expressly waive any rights you may have to arbitrate a class action. The Federal Arbitration Act governs this Arbitration Provision.

Notwithstanding this Arbitration Provision, you and we can not require the other to arbitrate the following matters: (1) our respective rights, if any, to exercise self-help remedies; (2) seeking provisional remedies to enforce our security interest from a court; (3) any action brought in small claims court which remains in such court and asserts claims on an individual basis seeking $15,000 or less; and/or (4) any action where all parties collectively, including multiple named parties, seek monetary relief in the aggregate of $15,000 or less in total relief including but not limited to compensatory, statutory or punitive damages, costs and attorney fees. Neither you nor we waive the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court.

The party initiating arbitration must choose one of the following organizations and follow its rules for initiating and pursuing arbitration:

American Arbitration Association
335 Madison Avenue, Floor 10,
New York, NY 10017-4605
www.adr.org

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN 55405
www.arbitration-forum.com

You may obtain a copy of the arbitration rules and a form for demanding arbitration by contacting one of the above organizations or by accessing their internet web site. For the American Arbitration Association, the "Commercial Arbitration Rules" shall apply. For the National Arbitration Forum, the "Code of Procedure" shall apply. The party making demand upon one of the organizations for arbitration shall pay to such organization the filing fee required by the applicable rules when the demand is made, except that Company will pay the amount of the filing fee in excess of the amount of the fee that would be required for you to file a lawsuit in your jurisdiction. In addition, we will pay to the Administrator all other administrative costs of the arbitration proceeding. The applicable arbitration rules will determine who pays other costs and fees, such as costs of the arbitration that go beyond one day of hearings. Each party shall pay their own attorney, expert, and witness fees and expenses, unless otherwise required by law or by other terms of this agreement. This Arbitration Provision is binding upon and inures to the benefit of our respective heirs, successors, and assigns.

IN WITNESS WHEREOF, the parties hereto agree to the terms of this Amendment Agreement.

CitiFinancial Auto, Ltd.

Borrower:_____
Co-Borrower:_____

*Maria A. Mata or Lily C. Mata*
*2804 Hubbard Circle*
*Austin, Texas 78746*

## FACSIMILE TRANSMITTAL FORM

TO :  Mrs. Durham

COMPANY:  CitiFinancial Auto

FAX #:  866-553-7801 /8*th*

DATE:  January 16, 2009

FROM:  Mario A. Mata

SUBJECT:  Amendment Agreement

ACCOUNT#:  9686-

NO. OF PAGES (inc. cover ltr.)  3

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYER OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

Dear Ms. Durham:

Enclosed is the agreement that you asked me to sign and fax back to you. Please call me if you have any questions.

Thank you!

Mario A. Mata

Home Phone:  512-327-5946
Business Phone:  512-750-4021

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL MARIO MATA AT 512-750-4021 IMMEDIATELY

## AMENDMENT AGREEMENT

THIS AMENDMENT AGREEMENT ("Agreement") is made and takes effect as of the 9th day of January, 2009 by and between CitiFinancial Auto, Ltd. ("Company" or "Us") and MARIO NAVA ("Borrower(s)" or "You" or "Your"), and amends the installment contract or promissory note and security agreement dated December 28, 2002, and having account number -9686-████ (the "Contract")

Company and Borrower(s) acknowledge that the total amount due and owing under the Contract as of the above date is $11,448.67 (the "Total Amount Due.") comprised of:

Unpaid Principal balance or net balance    : $11,333.24
(Less unearned finance charges)
Unpaid interest    : $115.43
Unpaid fees (such as late fees, NSF fees)    : $.00
Unpaid extension fees    : $.00

Borrower(s) hereby promise to pay to the order of Company, the Total Amount Due, together with interest on the Unpaid Principal Balance at the rate of 4.000% per annum from the effective date of this Agreement until maturity, as follows:

In 23 monthly installments of $518.70 beginning February 23, 2009 and continuing until December 23, 2010, when the final payment will be due., and

The final payment will be for any unpaid principal balance and accrued interest not yet paid as of such date together with any other sums (including unpaid extension fees) then payable under the Contract, as modified herein.

Each installment shall be applied to unpaid fees (including unpaid extension fees), accrued but unpaid interest (including unpaid interest), and principal in any order we choose.

It is agreed that all terms and provisions of the original Contract shall remain in full force and effect except as expressly modified herein. Borrower(s) acknowledges and affirms that the security interest previously granted remains valid and subsisting.

THIS AMENDMENT AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH SIGNIFICANTLY AFFECTS YOUR RIGHTS IN ANY CLAIM OR DISPUTE WITH US. PLEASE READ THE ARBITRATION PROVISION ON PAGE 2.

If Company requires the obtain the consent to this Agreement by any additional party, Borrower(s) agree to obtain such consent, and this Agreement will not be effective if such consent is not obtained and Borrower(s) agrees that this Agreement is void if Company has not received a signed original of this Agreement on or before January 23, 2009.

Borrower(s) acknowledge that this Agreement does not extend the term or coverage provided by any credit insurance purchased at the time of the original Contract. Company may be required to report the amount of any debt forgiven to the Internal Revenue Services.

THIS ARBITRATION PROVISION SIGNIFICANTLY AFFECTS YOUR RIGHTS IN ANY CLAIM OR DISPUTE WITH US. PLEASE READ THIS ARBITRATION PROVISION CAREFULLY BEFORE YOU SIGN THIS AGREEMENT.

EITHER BORROWER(S) OR COMPANY MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US EXCEPT AS PROVIDED BELOW DECIDED BY ARBITRATION. IF ARBITRATION IS CHOSEN YOU AND WE WILL EACH GIVE UP OUR RIGHT TO A TRIAL BY THE COURT AND/OR A JURY TRIAL. IF ARBITRATION IS CHOSEN YOU MAY NOT SERVE AS A CLASS REPRESENTATIVE OR PARTICIPATE AS A CLASS MEMBER IN ANY CLASS ACTION AGAINST ANY PARTY ENTITLED TO COMPEL ARBITRATION UNDER THIS PROVISION.

Any claim or dispute, except as provided below, whether in contract, tort or otherwise (including without limitation, interpretation and the scope of this provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this contract or relates to this contract or our employees, agents, successors or assigns which arises out of or relationship with third parties who do not sign this contract or note shall, at your or our election (or the election of any such third party) be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action, and you are expressly waiving any rights you may have to arbitrate a class action. The Federal Arbitration Act governs this Arbitration Provision.

Notwithstanding this Arbitration Provision, you and we can not require the other to arbitrate the following matters: (1) our respective rights, if any, to exercise self-help remedies; (2) seeking provisional remedies to enforce our security interest, from a court; (3) any action brought in small claims court which remains in such court and does not exceed its jurisdictional limit; (4) any action seeking $15,000 or less; and/or (4) any action where all parties collectively (including named parties and unnamed members of a putative class) seek in total relief, including compensatory, punitive damages, costs and attorney fees, less than $15,000. Neither you nor we waive the right to arbitrate by filing suit or seeking or obtaining provisional remedies from a court.

The party initiating arbitration must choose one of the following organizations and follow its rules for initiating and pursuing arbitration:

American Arbitration Association
335 Madison Avenue, Floor 10
New York, NY 10017-4605
www.adr.org

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN 55405
www.arbitration-forum.com

You may obtain a copy of the arbitration rules and a form for demanding arbitration by contacting one of the above organizations or by accessing their internet web site. For the American Arbitration Association, the "Commercial Arbitration Rules" shall apply. For the National Arbitration Forum, the "Code of Procedure" shall apply. The party making the demand for arbitration for one of the organizations for arbitration shall pay to such organization the filing fee required. Upon receipt of the demand for arbitration, the lender, except the Company will pay the amount of the applicable fee when the demand fee is administered for arbitration for you to file a lawsuit in your jurisdiction. Its additional amount will pay the fees the lender will determine who pays the costs and fees of the arbitration proceeding. The applicable arbitration rules one day of hearings. Each party shall pay their own attorney's fees, costs and expenses, unless otherwise required by law or by other terms of this agreement. This Arbitration Provision is binding upon and inures to the benefit of our respective heirs, successors and assigns.

IN WITNESS WHEREOF, the parties hereto agree to the terms of this Agreement.

CitiFinancial Auto. Ltd.

Borrower: _Maria A. M.____
Co-Borrower: _____     Aug 16, 2009

*TAB 3*

UNITED STATES CODE SERVICE
Copyright © 2012 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

*** Current through PL 112-139, approved 6/27/12 ***

TITLE 9. ARBITRATION
CHAPTER 1. GENERAL PROVISIONS

**Go to the United States Code Service Archive Directory**

*9 USCS § 2*

Review expert commentary from The National Institute for Trial Advocacy preceding 9 USCS § 1.

§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

**HISTORY:**
  (July 30, 1947, ch 392, § 1, 61 Stat. 670.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:
  This section is based on Act Feb. 12, 1925, ch 213, § 2, 43 Stat. 883 (§ 2 of former Title 9).

# TAB 4

UNITED STATES CODE SERVICE
Copyright © 2012 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

*** Current through PL 112-139, approved 6/27/12 ***

TITLE 9. ARBITRATION
CHAPTER 1. GENERAL PROVISIONS

**Go to the United States Code Service Archive Directory**

*9 USCS § 3*

Review expert commentary from The National Institute for Trial Advocacy preceding 9 USCS § 1.

§ 3. Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**HISTORY:**
 (July 30, 1947, ch 392, § 1, 61 Stat. 670.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**


Prior law and revision:
 This section is based on Act Feb. 12, 1925, ch 213, § 3, 43 Stat. 883 (§ 3 of former Title 9).

# TAB 5

UNITED STATES CODE SERVICE
Copyright © 2012 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved.

\*\*\* Current through PL 112-139, approved 6/27/12 \*\*\*

TITLE 9. ARBITRATION
CHAPTER 1. GENERAL PROVISIONS

**Go to the United States Code Service Archive Directory**

*9 USCS § 4*

Review expert commentary from The National Institute for Trial Advocacy preceding 9 USCS § 1.

§ 4. Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [*28 USCS §§ 1* et seq.], in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure [USCS Rules of Civil Procedure]. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure [USCS Rules of Civil Procedure], or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

**HISTORY:**
(July 30, 1947, ch 392, § 1, 61 Stat. 671; Sept. 3, 1954, ch 1263, § 19, 68 Stat. 1233.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:
This section is based on Act Feb. 12, 1925, ch 213, § 4, 43 Stat. 883 (§ 4 of former Title 9).

Amendments:

1954. Act Sept. 3, 1954 substituted "United States district court" for "court of the United States", substituted "Title 28, in a civil action" for "the judicial code at law, in equity," substituted "the Federal Rules of Civil Procedure" for "law for the service of summons in the jurisdiction in which the proceeding is brought", and substituted "the Federal Rules of Civil Procedure" for "law for referring to a jury issues in an equity action".

*TAB 6*

1 of 1 DOCUMENT

LexisNexis (R) Texas Annotated Statutes
Copyright © 2014 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

*** This document is current through the 2013 3rd Called Session ***

BUSINESS AND COMMERCE CODE
TITLE 1.  UNIFORM COMMERCIAL CODE
CHAPTER 9.  SECURED TRANSACTIONS
SUBCHAPTER F.  DEFAULT

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Bus. & Com. Code § 9.609*  (2014)

§ 9.609.  Secured Party's Right to Take Possession After Default

  (a) After default, a secured party:

      (1) may take possession of the collateral; and

      (2) without removal, may render equipment unusable and dispose of collateral on the debtor's premises under Section 9.610.

  (b) A secured party may proceed under Subsection (a):

      (1) pursuant to judicial process; or

      (2) without judicial process, if it proceeds without breach of the peace.

    (c) If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party that is reasonably convenient to both parties.

**HISTORY:** Am. Acts 1999, 76th Leg., ch. 414 (S.B. 1058), § 1.01, effective July 1, 2001.

# TAB 7

LexisNexis (R) Texas Annotated Statutes
Copyright © 2012 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group
All rights reserved.

*** This document is current through the 2011 First Called Session ***
*** Federal case annotations: Apr. 26, 2012 postings on Lexis ***
*** State case annotations: May 10, 2012 postings on Lexis ***

CIVIL PRACTICE AND REMEDIES CODE
TITLE 7.  ALTERNATE METHODS OF DISPUTE RESOLUTION
CHAPTER 171.  GENERAL ARBITRATION
SUBCHAPTER B.  PROCEEDINGS TO COMPEL OR STAY ARBITRATIONS

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Civ. Prac. & Rem. Code § 171.021* (2012)

§ 171.021.  Proceeding to Compel Arbitration

(a) A court shall order the parties to arbitrate on application of a party showing:

(1) an agreement to arbitrate; and

(2) the opposing party's refusal to arbitrate.

(b) If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court shall summarily determine that issue. The court shall order the arbitration if it finds for the party that made the application. If the court does not find for that party, the court shall deny the application.

(c) An order compelling arbitration must include a stay of any proceeding subject to Section 171.025.

**HISTORY:** Enacted by Acts 1997, 75th Leg., ch. 165 (S.B. 898), § 5.01, effective September 1, 1997.